Gertrude Hayes, Appellee, v. Chicago Transit Authority, Appellant.

Gen. No. 44,994.

Opinion filed April 5, 1950. Released for publication May 17, 1950.

WERNER W. SCHROEDER, WILLIAM S. ALLEN, WARNER H. ROBINSON, and ARTHUR J. DONOVAN, all of Chicago, for appellant; JAMES O. DWIGHT, of Chicago, of counsel.

JOSEPH BARBERA, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

In a complaint filed in the circuit court of Cook county on October 29, 1948, by Gertrude Hayes against the Chicago Transit Authority, a municipal corporation, she alleged that because of the negligence or wilful and wanton conduct of defendant's servants in the operation of a streetcar on January 8, 1948, on 63rd street near the Englewood Union Station in Chicago, and while in the exercise of due care for her own safety, she suffered injuries for which she asked damages of $25,000. Paragraph 7 of the complaint reads:

"7. That subsequent to January 8, 1948, and within six months from the said date, the defendant, by and through its investigators and agents and servants, procured a written statement from the plaintiff in

which statement the correct name and address of the plaintiff was set forth, the correct date and about the hour of the accident were set forth, the correct proximate place and location where the accident happened were set forth, and the correct name and address of the treating physician were set forth. That this statement in writing and all of the above information was part of the regular files of the said defendant and was served upon and available to the Secretary of the Board of the Chicago Transit Authority and to the General Attorney for the Chicago Transit Authority."

Paragraph 8 alleges that on October 18, 1948, "a supplemental statement in writing was filed with the Secretary of the Board of the defendant and the General Attorney of the defendant," and sets out a *verbatim* copy of the notice. It gives the name and address of plaintiff as the person injured; states that the "accident" occurred on January 8, 1948, at about 3:50 p.m. on 63rd street in front of the Englewood Union Station in Chicago; and that the name and address "of the doctor who gave her medical attention are: Dr. Carlo A. Fioretti, 7439 South Cottage Grove, Chicago, Illinois."

Defendant's answer denied that plaintiff was in the exercise of due care for her own safety; denied that she suffered injury because of any negligence or wilful or wanton act of its servants; and denied that she was injured or damaged in the manner, to the extent or in the amount alleged. It also denied that a statement in writing was served upon the secretary of the board or upon its general attorney within six months from the date of the "accident in question"; denied that any of the information set forth in paragraph 7 of the complaint was served upon or filed in the office of the secretary of its board or in the office of its general attorney; denied that the statement in writing mentioned in paragraph 8 of the complaint was in ac-

cordance with the statute in such case made and provided; and alleged that the complaint shows that the "accident" occurred on January 8, 1948, and that plaintiff's statement was filed on October 18, 1948, contrary to the provisions of sec. 41 of the Metropolitan Transit Authority Act. On January 25, 1949, plaintiff moved for an order directing the defendant to show cause why it should not produce certain documents "in accordance with the prayer of an affidavit." The affidavit by plaintiff said that sometime in February 1948, an investigator of defendant procured a statement from her pertaining to the "incident," which statement was signed by her; that no copy thereof was given to her; that the statement "has been and is now in the possession and control of the defendant"; that sometime in February 1948, Dr. Carlo A. Fioretti, the physician who treated her for her injuries, sent to the defendant at its request "a letter or medical report"; that she does not have a copy thereof; that it "has been and still is in the control of the defendant"; and that an inspection and examination of the documents "is vital and necessary" for her in order to prosecute the cause.

On January 25, 1949, the court entered a rule that defendant show cause why it should not produce for inspection the documents mentioned in the affidavit and directed defendant to answer the affidavit within seven days. In an answer defendant alleged that the documents are kept by it for use in negotiations, actions and proceedings against the defendant and are not subject to production or inspection by the plaintiff, and that the plaintiff has no legal right to a rule. On February 10, 1949, following a hearing, the court ordered that the defendant produce for inspection and examination in the office of plaintiff's attorney on February 18, 1949, at 10:00 a.m. the statement made by her to the defendant and the report sent to it by Dr. Fioretti. Defendant did not obey the order.

On May 26, 1949, the attorney for plaintiff filed a veri-
fied petition setting forth that the defendant wilfully
failed and refused to obey the order. On that day
the court entered a rule that defendant show cause,
if any, why it should not be held in contempt for wil-
fully failing to comply with the order of February 10,
1949. On June 27, 1949, the court found that no suf-
ficient cause had been shown by defendant why it did
not comply with the orders theretofore entered; that
defendant wilfully failed and refused to obey the or-
ders; and adjudged the defendant to be guilty of con-
tempt of court, which tended to defeat and impair the
rights of plaintiff and to embarrass, impede and ob-
struct the court in the administration of justice, and
to bring the administration of justice into contempt.
The court ordered that the defendant be fined $500,
to reverse which it appeals.

■ Sec. 41 of the Metropolitan Transit Authority
Act (par. 341, ch. 111 2/3, Ill. Rev. Stat. 1949 [Jones
Ill. Stats. Ann. 21.2064 (42)]) provides that no civil
action shall be commenced in any court against the
Authority by any person for any injury to his person
unless it is commenced within one year from the date
the injury was received or the cause of action accrued,
and that within six months from the date such an in-
jury was received or cause of action accrued, any per-
son who is about to commence any civil action in any
court against the Authority for damages on account
of injury to his person, shall file in the office of the
secretary of the board and also in the office of the
general attorney for the Authority either by himself,
his agent or attorney, a statement in writing, signed
by himself, his agent or attorney, giving the name of
the person to whom the cause of action has accrued,
the name and residence of the person injured, the date
and about the hour of the accident, the place or loca-
tion where the accident occurred, and the name and
address of the attending physician, if any: and that

if the notice is not filed, any such civil action shall be dismissed and the person to whom any such cause of action accrued shall be forever barred from further suing. This section is taken almost *verbatim* from the Cities and Villages Act (pars. 1–10, 1–11 and 1–12, ch. 24, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 21.1120–21.1122]), the only change being that sec. 41 provides that the notice shall be filed in the office of the secretary of the board and the general attorney of the Authority, while in the Cities and Villages Act notice is required to be filed in the office of the city attorney, if there is one, and the municipal clerk. In *People v. Chicago Transit Authority*, 392 Ill. 77, 83, the court said that the notice required by the Transit Authority Act is the same as that required in cases of suits against cities. Sec. 41 requires that the notice must be signed by the plaintiff, his agent or attorney. There is no showing or claim that the letter or medical report sent to the defendant by Dr. Fioretti was signed by the plaintiff, her agent or attorney. This eliminates the physician's letter or report as a notice required by sec. 41.

 In plaintiff's affidavit, upon which the order of February 10, 1949, was based, she says that the statement procured from her by an investigator of defendant was signed by her. She does not state that within six months of the date of the injury the statement was filed in the office of the secretary of the board and also in the office of the general attorney by herself, her agent or attorney, as required by the express terms of sec. 41. The fact that the defendant had full knowledge of the facts surrounding the occurrence did not dispense with compliance with the requirement for service. Statutes of this character are mandatory and the giving of the notice is a condition precedent to the right to bring suit. The giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of the suit. See *Erford v. City of Peoria,*

229 Ill. 546; *Minnis v. Friend,* 360 Ill. 328; *Cipich v. City of Chicago,* 328 Ill. App. 580 (Abst.). In *Watkins v. Town of Cicero,* 312 Ill. App. 380 (Abst.), the court said that knowledge of the facts by the town will not take the place of the written notice required by the statute, and that while the sufficiency of the statement in writing must be determined from the statement itself, the filing of the statement must be proved, if not admitted, by evidence other than the statement. An inspection by plaintiff's attorney, in advance of the trial, of the statement given by plaintiff to the investigator and the report of the physician would not aid plaintiff in proving that notice was filed by plaintiff, her agent or attorney in the office of the secretary of the board and also in the office of the general attorney within six months.

Plaintiff asserts that the issue of whether she gave the required notice was raised by the pleadings and proof thereof constituted a necessary part of her affirmative case. Par. 1 of Rule 17 of the Supreme Court [Ill. Rev. Stat. 1949, ch. 110, par. 259.17; Jones Ill. Stats. Ann. 105.17] states that "this rule shall not apply to memoranda, reports or documents prepared by or for either party in preparation for trial, or to any communication between any party or his agent and the attorney for such party." Par. 8 of Rule 17 provides for production and inspection of documents "relating to the merits of the matter in question in said cause." Defendant maintains that the statement signed by plaintiff and the report made by her physician could not be used by her as evidence in support of her case and could be used only for the purpose of impeachment of the testimony of plaintiff and her physician. Plaintiff states that the allegation in paragraphs 7 and 8 of her complaint that she gave the required statutory notice was put in issue by paragraphs 7, 8 and 11 of the answer, and that on this state of the record it was incumbent upon her to

prove the giving of the requisite statutory notice in order to maintain her action.

■■ Plaintiff's position appears to be that within six months following the occurrence the defendant, through its agents, procured a written statement from her wherein she set forth her correct name and address, the correct date and about the hour of the "accident," the correct place and location where the "accident" happened, and the correct name and address of the treating physician; that this written statement was part of the regular files of defendant and was "served upon and available" to the secretary of the board and the general attorney for the Authority; that these allegations were denied in defendant's answer; and that on this state of the pleadings it became an essential part of her affirmative case to prove the giving of adequate notice. A reading of the complaint shows that plaintiff's allegation that the statement given to defendant's investigator "was served upon and available" to the secretary of the board and the general attorney of the Authority, is a conclusion of law. Plaintiff attempts to draw this conclusion from the facts alleged in paragraph 7 of her complaint. We accept conclusions only when they are in accordance with the facts and the law.

■ Plaintiff urges further that the sufficiency of the statutory notice was a question of law for the court and that the legal sufficiency of the notice could only be determined from an examination of the documents which defendant refused to produce; that the court might have held the documents inadequate did not justify defendant's refusal to produce them, since the question of adequacy was a matter for the court to determine upon their inspection; and that the documents were clearly within the discretionary provision of Supreme Court Rule 17 and not within any exception thereto. Defendant's answer, in not denying, admitted that the statement given by plaintiff to the in-

vestigator named the person to whom the cause of action accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the physician. It is not contended in plaintiff's brief that an inspection of the statement of plaintiff and the report of her physician at the office of her attorney would have any bearing upon the question whether the required notice was filed by plaintiff, her agent or attorney in the office of the secretary of the board and in the office of the general attorney for the Authority within six months after the date of the injury or accrual of the cause of action, which was the only issue raised by the pleadings concerning such notice. From a discussion between the trial judge and counsel it appears that the documents were sought for the purpose of proving the filing of notice as required by sec. 41. We have pointed out that the statement given by plaintiff to the investigator and the medical report sent in by Dr. Fioretti are not a compliance with the requirements of sec. 41 of the Metropolitan Transit Authority Act, that a statement in writing signed by the claimant, her agent or attorney shall be filed by plaintiff, her agent or attorney in the office of the secretary of the board and also in the office of the general attorney for the Authority. Plaintiff's theory is that she had the burden of proving affirmatively at the trial that the statement and report sought to be inspected contained the information alleged in paragraph 7 of the complaint. The answer did not put in issue the receipt of the statement or the report or the contents thereof. The production of the statement of plaintiff and the report of the physician, or either, would not aid the plaintiff in proving that she, her agent or attorney filed in the office of the secretary of the board and also in the office of the general attorney for the Authority a statement in writing signed by herself, her agent or

attorney giving the requisite information. It is a matter of common knowledge that it is the practice of defendant to investigate the available facts following an accident. This, however, does not relieve a claimant from complying with the provisions of sec. 41 of the Transit Authority Act. Giving a statement to an investigator does not fulfill the requirement of sec. 41 that the claimant, her agent or attorney shall file a statement with the secretary of the board and with the general attorney of the Authority. The fact that the statement and report are a "part of the regular files" of defendant and "available" to the secretary of the board and the general attorney of the Authority, does not establish compliance with sec. 41. The statement made by plaintiff and the report made by the physician were obtained in preparation for a trial, should there be a trial, and were not subject to Rule 17 providing for the production of documents "relating to the merits of the matter in question." Under the factual situation plaintiff had no right to the production or inspection of the statement or the report.

■■■■ Defendant calls our attention to the following provision of sec. 23 of the Metropolitan Transit Authority Act (par. 323, ch. 111 2/3, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 21.2064 (23)]):

"All ordinances, resolutions and all proceedings of the Authority and all documents and records in its possession shall be public records, and open to public inspection, except such documents and records as shall be kept or prepared by the Board for use in negotiations, action or proceedings to which the Authority is a party."

This exception is in harmony with the exception in Supreme Court Rule 17 providing that the rule shall not apply to memoranda, reports or documents prepared by or for either party in preparation for trial,

or to any communication between any party or his agent and the attorney for such party. There is no contention that the documents ordered to be produced are either public records or open to public inspection. In our opinion the statement and the report are documents kept by the board "for use in negotiations, action or proceedings" to which the Authority might be a party. Because of the error pointed out, the order of the circuit court of Cook county of June 27, 1949, adjudging defendant guilty of contempt and assessing a fine against it is reversed.

*Order reversed.*

LEWE, P. J., and KILEY, J., concur.