Frances Frowner, Appellee, v. Chicago Transit Authority, a Municipal Corporation, Appellant.

Gen. No. 47,829.

First District, Third Division.
March 23, 1960.

William J. Lynch, William S. Allen, Leo J. Doyle, Jr., and James E. Hastings, of Chicago, for appellant.

Robert S. Kosin, Edward D. Rosenberg, Irving J. Sachs, Edward L. Kelly, and Alvin P. Herman, of Chicago, for appellee.

JUSTICE FRIEND delivered the opinion of the court.

Plaintiff brought suit in the Municipal Court to recover damages for injuries alleged to have been

sustained by her after alighting from a Chicago Transit Authority bus at 43rd street and Cottage Grove avenue in Chicago. The suit was predicated on her claim that the driver was negligent in failing to provide for her a safe place to alight, and that as a consequence of his negligence she slipped on an icy spot on the pavement and was injured.

Trial by jury resulted in a verdict and judgment in the amount of $800. Defendant's motion for a directed verdict, as well as its post-trial motions, was denied, and defendant appeals.

Plaintiff's statement of claim alleged that she was injured on January 27, 1958. Attached to the statement of claim was a copy of the statutory notice which had been served on defendant. The notice also gave the date of the alleged injury as January 27, 1958, and was the only notice served. More than a year after the alleged accident, plaintiff amended her statement of claim to allege that the accident occurred on January 30, 1958. This change followed plaintiff's deposition wherein she stated the date of the accident as January 30, 1958. Defendant thereupon filed an amended answer which, among other things, admitted the service of a notice but set forth that the notice alleged that the accident occurred January 27, 1958, at 11:00 p. m., whereas the amended statement of claim alleged January 30, 1958, between 9:00 and 10:00 p. m., as the date and time of the accident. The amended answer also averred that, on deposition taken, plaintiff had testified under oath that the date was January 30, 1958, and the time between 9:00 and 10:00 p. m.

As a principal ground for reversal it is urged that the statutory notice as to the date and time of the alleged accident was fatally defective. Section 41 of the Metropolitan Transit Authority Act [Ill. Rev. Stat. 1959, ch. 111⅔ § 301, et seq.] provides that, within six months of the date of injury, any person about to

313

commence civil action in any court against the Chicago Transit Authority for damages on account of any injury to his person shall file in the office of the secretary of the Chicago Transit Board and in the office of the General Attorney for the Authority, either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing. This provision became law in 1945; it is still in effect and has not been amended.

It appears that on February 1, 1958, defendant received plaintiff's notice of claim for personal injuries. The notice stated that the accident occurred January 27, 1958. On April 5, 1958 a statement of claim, giving the date of the accident as January 27, 1958, was filed against defendant in the Municipal Court. On May 14, 1958, plaintiff filed her answer to defendant's interrogatories in which she stated under oath that the accident happened on January 27, 1958, and that she sought medical attention on January 31, 1958. On March 3, 1959, plaintiff amended her statement to fix the date of the accident as of January 30, 1958; it is interesting that the amendment followed the taking of plaintiff's deposition. At the trial plaintiff testified that the accident happened on January 30, 1958. According to her own testimony, she did not seek medical attention until January 31, 1958, which, it was her opinion at the time of the trial, was the day following

314

the accident. The notice was served by her attorneys on February 1, 1958, the day after she had seen her doctor. Thus the date of the accident, as testified to by plaintiff, was two days before the notice was served, whereas the notice fixed the date as being five days before—a substantial error, a curious discrepancy, that seems to defy explanation.

■ Under the provisions of the Metropolitan Transit Authority Act heretofore referred to, notice must be served within six months of the accident and must give "the date and about the hour of the accident." The law is well settled in this State that a wrong date is fatal to the notice and to plaintiff's cause of action. In Ouimette v. City of Chicago, 242 Ill. 501, the Supreme Court held that substantial compliance as to date was not enough, saying (pp. 507–508):

"There could be but one date. If the notice is to serve the purpose intended by the legislature it should show the correct date. . . . The question of this notice is entirely within legislative control. The legislature may prescribe the conditions under which cities shall be held liable to persons injured while using streets and sidewalks. (Walters v. City of Ottawa, supra [240 Ill. 259]; Curry v. City of Buffalo, 135 N. Y. 366.) It has prescribed in this statute that the notice shall give the date of the accident. From the reasoning in the two cases already cited, heretofore decided by this court, it must be held that the wrong date in the notice is, in effect, the same as if no date at all were given. The statute requires the date to be set out in the notice, and this certainly cannot be done by stating that the accident occurred on a date on which it did not occur. . . ."

In the later case of Minnis v. Friend, 360 Ill. 328, the court relied on the Ouimette decision and went on to say (p. 333):

315

"Since the legislature has made the giving of this statutory notice a condition precedent to liability, a notice which does not contain one of the essentials prescribed therein is not a compliance with the statute. . . ."

These decisions are representative of a long line of cases in this State which emphasize that it is the legislature which determines what the notice requirements shall be. In the more recent case of Schuman v. Chicago Transit Authority, 407 Ill. 313, the rationale of the requirement, and of the judicial interpretation thereof, is clearly set out (pp. 320–321):

"We are aware, and take judicial notice, of the magnitude of the operations of defendant. A transportation system of its size, operating, as it does, on the busy streets and thoroughfares of the second largest city in the United States, one of the largest cities of the world, becomes involved in the largest volume of personal injuries litigation in the State. There are, no doubt, many, if not more, 'blind' claims —those not reported to the Authority by its employees —than in any other municipality in Illinois. The Authority is a municipal corporation, not entitled to make a profit, placing it in a different class from private carriers operating in the same area, and is surely entitled, as is a city, town or village, to an opportunity to protect itself by prompt investigation. The requirement of six months' notice affords the Authority this opportunity just as the requirement of notice to cities, towns and villages protects them. To conduct a complete investigation of every accident, whether large or small, would impose an intolerable burden upon defendant. An adequate investigation of a 'blind' accident, if the first notice of it came one year or two years later upon instituting an action, would, in most

316

instances, be impracticable, if not impossible. As observed in People v. Chicago Transit Authority, 392 Ill. 77, 'That there is a substantial difference between the situation of passengers in the area here involved and those in the balance of the State, is readily seen.' The quoted observation is singularly appropriate here."

It has been suggested that the six-month notice requirement is technical and should be liberally construed. Plaintiff cites no authority, and we find none, which in any way modifies the holding of the Ouimette case. To insist on strict compliance with the notice requirements, plaintiff feels, is to play into the hands of a "large and efficient" investigation staff. But the Authority would be severely handicapped in its investigative work if it did not receive a timely and an exact notice of an alleged accident; the Authority's nature and size would not, as plaintiff seems to think, operate in its favor, but would, rather, work against it. Plaintiff also argues that because of its wealth the Authority should not be placed in a position to insist on exact compliance with the statute; aside from the dubious legal value of this argument, it is worth remarking that the Authority has operated at a loss during a large part of its existence.

■ The wording of section 41 of the Metropolitan Transit Authority Act was taken almost verbatim from the corresponding section of the Cities and Villages Act (see Hayes v. Chicago Transit Authority, 340 Ill. App. 375, 382). Thus the same type of provision as is here involved was before the court in the Ouimette case; the interpretation there adopted has been the law of this State since 1909. In following the language of the Cities and Villages Act provision, the legislature will be considered to have adopted the judicial construction given the language of that act by

317

the courts. Gaither v. Lager, 2 Ill.2d 293, 301; People v. Reilly Tar & Chemical Corp., 389 Ill. 434, 446.

The instant suit was a "blind" case. It was not reported to defendant, and defendant had no record of any accident. On April 5, 1958, plaintiff filed her statement of claim giving the wrong date for the accident; on May 14, 1958, she filed written answers to defendant's interrogatories stating under oath that she was injured on January 27, 1958, again the wrong date. It was not until a year after the alleged accident that defendant had any indication that plaintiff was claiming to have been injured on January 30, 1958, instead of January 27, 1958. Thus one of the main purposes of the statute was defeated, since defendant was unable to make a timely investigation of an alleged accident on January 30, 1958. (See Schuman v. Chicago Transit Authority, an excerpt from which has been set out earlier in this opinion.)

Plaintiff says that defendant waived the incorrectness of the notice. She seems to argue that, because defendant did not specifically deny the facts stated in her original notice, they were therefore admitted; but as a matter of fact defendant alleged lack of knowledge and called for strict proof of plaintiff's allegations setting forth the alleged facts of the accident, including the date of the accident. Plaintiff alleged the filing of a notice; defendant admitted only that such a paper was filed. Additionally, plaintiff glosses over the fact that she herself amended her pleading to state a date different from that specified in the notice. When plaintiff amended her pleading, defendant was entitled to and did amend its answer.

It is also urged with considerable emphasis that the verdict was against the manifest weight of the evidence and that the court erred in instructing the jury, but in view of our conclusion that the notice was fatally

318

defective these additional points need not be discussed. Because of the defect in the notice the court should have directed a verdict for defendant or, in any event, entered judgment notwithstanding the verdict. The judgment of the Municipal Court is therefore reversed and the cause remanded with directions to enter judgment for defendant notwithstanding the verdict.

Judgment reversed and cause remanded with directions.

BRYANT, P. J. and BURKE, J., concur.