ANNA MAE HINZ, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

(No. 54932; )

First District—June 18, 1971.

*Modified upon denial of rehearing August 13, 1971.*

Norman Wexler, of Wexler & Wexler, of Chicago, (Marvin Jacobson and Paul M. Heller, of counsel,) for appellant.

George J. Schaller, O. R. Hamlink, Jerome F. Dixon, and Charles F. White, all of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court as modified upon denial of petition for rehearing:

At the conclusion of a jury trial a verdict was rendered in favor of plaintiff. Defendant then filed its written motion for a directed verdict alleging plaintiff's failure to plead and prove the six month notice required by the Metropolitan Transit Authority Act statute.[1] Defendant's motion was granted and judgment was entered in favor of defendant notwithstanding the verdict. On appeal plaintiff contends that action of the trial court was improper.

---

[1] Metropolitan Transit Authority Act, Ill. Rev. Stat. 1967, ch. 111⅔, par. 341:

Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Attorney for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing.

On October 17, 1963, plaintiff was injured as a result of a collision between an automobile she was operating and a vehicle operated by an agent of defendant. In her complaint, filed on October 16, 1964, plaintiff failed to aver the abovementioned notice. Defendant's answer was silent with respect to plaintiff's failure to plead notice. Throughout the course of the trial no objection was made by defense counsel concerning plaintiff's complaint. However, at the close of plaintiff's case in chief, defendant made an oral motion for a directed verdict without specifying any grounds therefor. This motion was denied. At the close of all evidence defendant again made an oral motion for a directed verdict without stating any reasons therefor. The judge however refused to entertain an oral motion at that time, but did allow five days for the filing of a written motion and reserved his ruling thereon. While the jury was deliberating the trial judge attempted unsuccessfully to effect a $5,000.00 settlement between the litigants. Subsequently the jury rendered a verdict in favor of plaintiff for $18,000.00 upon which the court entered judgment.

Within the time allowed by the court, defendant filed a written motion for a directed verdict which alleged that plaintiff's failure to plead and prove the required notice was fatal to her cause of action. During the hearing on that motion it was pointed out that this question was discussed by the parties at a pre-trial conference. At that conference the trial judge brought up plaintiff's failure to allege notice to defendant and suggested that plaintiff file an amended complaint. Plaintiff immediately produced a notice which apparently conformed to the statutory requirements, showing on its face that it had been filed with the required parties on February 17, 1964. Defense counsel did not voice any objection to the production of this notice nor did he deny its authenticity. His only comment was to the effect that he did not have a copy of the notice in his file. As the hearing on the defendant's post-trial motion drew to a close, plaintiff requested leave to file an amended complaint alleging the required notice. In denying plaintiff's motion the court indicated such amendment would have been improper because there was no proof of the notice in the record. The court then granted defense motion for a directed verdict and entered judgment notwithstanding the verdict. Later, at a hearing on plaintiff's post-trial motion, the trial judge said "Now they've got to learn, maybe the hard way, but that's it. I suggested originally five thousand dollars. If you want it, I'll make him pay it. If you don't want it, go upstairs." After plaintiff refused the offer, his post-trial motions were denied.

Defendant cites many cases in support of its contention that the six month notice required by statute (which is set out in footnote 1) must be pleaded and proved. Those cases relate to both the aforementioned

statute governing suits against a Metropolitan Transit Authority and a similar statute (Ill. Rev. Stat. 1969, ch. 85, sec. 8—102), governing suits for personal injuries against cities, villages and towns. In *Erford v. City of Peoria* (1907), 229 Ill. 546, the court held that the bringing of suit within the six month period did not satisfy the requirement of the statute that notice be filed with the defendant within six months from the date of injury. The court in *Ouimette v. City of Chicago* (1909), 242 Ill. 501, held that notice filed with defendant, which incorrectly stated the date of the occurrence giving rise to the cause of action, was faulty and did not satisfy that requirement of the statute which required the date of the injury to be set out. *Minnis v. Friend* (1935), 360 Ill. 328, held that an unsigned notice did not satisfy the requirements of the statute in view of the statute's plain language which required the notice to be signed. *Hayes v. Chicago Transit Authority* (1950), 340 Ill.App. 375, involved a situation in which no statutory notice was filed. The plaintiff contended that a statement elicited from and signed by her which was given to an investigator sent by defendant satisfied the requirements of the statute. The court however held the statute was not satisfied. In *Frowner v. Chicago Transit Authority* (1960), 25 Ill.App.2d 312, the court held that a notice, defective as to the date of the injury, did not fulfill the requirements of the statute. None of these cases are applicable to the facts of the instant case.

In *Walters v. City of Ottawa* (1909), 240 Ill. 259, the defendant made a timely demurrer to plaintiff's complaint which had the effect, at the outset of the proceedings, to call plaintiff's attention to the fact that he failed to aver the six month notice as required by the statute. The instant case, however, presents quite a different situation. Defendant did not object in any way to the complaint as it was filed. Although the plaintiff's failure to aver the required notice was brought to defendant's attention at the pre-trial conference, defendant made no motion for judgment on the pleadings, thereby lulling plaintiff into the belief that after presenting her notice to the defendant's attorney and to the court, notice was no longer an issue in the case.

■■ The purpose for the enactment of the statute involved in this case is to allow defendant to make a timely investigation into the facts surrounding an injury which may give rise to a claim against defendant. By forcing prospective claimants to give notice to defendant within six months from the time of their injury, defendant is better able to locate the witnesses to the injury, and those witnesses are better able to recall the factors surrounding the injury. The defendant, a municipal corporation, thereby can more effectively defend itself against bogus claims. In reviewing the record in the present case we find that plaintiff apparently

did comply with the statute by filing a notice within the allotted time. This notice, if in proper form and filed within the statutory period, would have enabled defendant to carry out a timely investigation of the circumstances surrounding plaintiff's injury upon which liability was predicated while facts were accessible.

■■ The total failure of defendant to object to the defective complaint, whether intentional or not,[2] lulled plaintiff into the false sense of security that the question of notice was no longer an issue in the case. At the close of plaintiff's case, defendant moved for a directed verdict but did not specify the grounds therefor. Again, at the close of all the evidence, defendant orally moved for a directed verdict without stating any reasons in support of its motion. The court then allowed five days for the filing of a written motion. Within the allotted time defendant filed its motion for a directed verdict raising for the first time the issue of plaintiff's failure to plead and prove notice. Thus plaintiff was left in the dark as to the real theory of defendant's case until after the verdict was returned and judgment was entered thereon. (See *Mueller v. Hayes* (1926), 321 Ill. 275, 282.) A sense of justice prevents us from allowing defendant to lull plaintiff into this false sense of security only later to find that the real theory of defendant's case was to allow plaintiff to reach a point of no return and then discover all was for naught.

We therefore vacate the judgment and remand the cause to the Circuit Court to allow plaintiff to file an amended complaint and defendant to plead thereto. If, thereafter, the court determines that there is no genuine issue of material fact as to the timely filing of a proper notice in compliance with the statute, judgment, in the amount of $18,000 and costs, should be entered in favor of plaintiff. If the court determines that there is such an issue of fact, then the court shall order a new trial.

Judgment vacated and cause remanded with directions.

ENGLISH, P. J., and DRUCKER, J., concur.

---

[2] That it was probably tactical appears from the court's statement, at the close of the post-trial hearings, in which the judge said, "Before the jury came out * * * [I] tried to get him [plaintiff's attorney] to take five thousand dollars because I knew what was going to happen."