CHARLES E. THOMAS et al., Plaintiffs-Appellants, v. CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

(No. 59931;

First District (1st Division)—June 2, 1975.

Alan Kawitt, of Chicago, for appellants.

Francis J. Mullen and Michael G. Artery, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Charles Thomas and George Banks brought an action against the Chicago Transit Authority and its servant bus driver for damages due to injuries resulting from the driver's alleged negligence in a collision with another vehicle on September 10, 1971. The driver of the other automobile, along with the driver's alleged principal, were also named as defendants. The action was commenced 11 months after the occurrence.

The complaint of plaintiff Banks against defendant Chicago Transit Authority was dismissed by the circuit court on the ground that Banks failed to list the correct treating doctor when he filed a notice of injury required by section 41 of the Metropolitan Transit Act, which provides:

"No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in

any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Attorney for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." Ill. Rev. Stat. 1971, ch. 111⅔, par. 341.

Banks filed a notice of injury within the 6-month limitation period. The notice listed the attending physician as Dr. Gonzala Paniagua. Dr. Paniagua was not, in fact, the attending physician of Banks. On September 14, 1972, 1 year and 4 days after the date on which the alleged injuries were received, Banks filed a second notice which listed the attending physician as Dr. C. Stanley Hough. The sole issue presented for our determination is whether the second notice sufficiently amends the defective notice initially filed by Banks.

■■■ The legislature may prescribe the conditions under which local public entities may be held liable to persons injured as a result of the entity's alleged negligence. (*Ouimette v. City of Chicago*, 242 Ill. 501, 90 N.E. 300; *Frowner v. Chicago Transit Authority*, 25 Ill.App.2d 312, 167 N.E.2d 26.) A notice requirement, like that contained in section 41 of the Metropolitan Transit Act, has been construed as a limitation provision which can be waived if the public entity acquires insurance (*Housewright v. City of LaHarpe*, 51 Ill.2d 357, 282 N.E.2d 437) or if the public entity is subject to a counterclaim arising from the same occurrence which is the basis of an action initially brought by the public entity. *Helle v. Brush*, 53 Ill.2d 405, 292 N.E.2d 372.

■■■ However, the statute has been strictly construed to require that the written notice contain each of the essential elements set forth. A notice which completely omits one or more of the essential elements is insufficient. Furthermore, as stated in *Ouimette v. City of Chicago*, 242 Ill. 501, 507, 90 N.E. 300, 302, "it must be held that the wrong date in the notice is, in effect, the same as if no date at all were given." Several other cases have held that an erroneous omission of an essential element of the notice requirement is fatal to the plaintiff's cause of action. (*Frowner v. Chicago Transit Authority*, 25 Ill.App.2d 312, 167 N.E.2d

26; *Ramos v. Armstrong*, 8 Ill.App.3d 503, 289 N.E.2d 709; see also *Bickel v. City of Chicago*, 25 Ill.App.3d 684, 323 N.E.2d 832.) Listing the wrong attending physician in the notice is tantamount to a complete omission of an essential element. It must be concluded that Banks' first notice did not sufficiently comply with the statute. It must also be held that Banks' second notice was defective because it was filed after the 6-month limitation period had elapsed. *Repaskey v. Chicago Transit Authority*, 60 Ill.2d 185, 326 N.E.2d 771.

Banks contends, however, that his second notice amends the defect in his first notice. He asserts that the amendment provisions of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46) apply to the notice requirement of the Metropolitan Transit Act. Although a copy of the first notice is missing from the record, plaintiff argues that because the initial notice was allegedly attached to his complaint, the notice becomes a part of the pleadings and is therefore subject to the amendment provisions of the Civil Practice Act.

■■ The amendment provisions of the Civil Practice Act do not apply to section 41 of the Metropolitan Transit Act. Section 1 of the Civil Practice Act provides that procedure regulated by separate statutes is beyond the scope of the Civil Practice Act. Section 1 provides:

> "The provisions of this Act apply to all civil proceedings, both at law and in equity, except in attachment, ejectment, eminent domain, forcible entry and detainer, garnishment, habeas corpus, mandamus, ne exeat, quo warranto, replevin, foreclosures of mortgages or other proceedings in which the procedure is regulated by separate statutes. In all those proceedings the separate statutes control to the extent to which they regulate procedure, but this Act applies as to matters of procedure not so regulated by separate statutes. As to all matters not regulated by statute or rule of court, the practice at common law and in equity prevails." Ill. Rev. Stat. 1971, ch. 110, par. 1.

Section 41 of the Metropolitan Transit Act regulates all procedure relating to the notice requirement. The notice statute does not contain a provision allowing for amendatory procedures which would enable a second untimely notice to correct a prior defective notice increasing the limitation period beyond 6 months. The scope of the Civil Practice Act does not extend to the notice requirements which are controlled by separate statute. Section 46 of the Civil Practice Act does not apply.

■■ Moreover, the purposes of the notice statute are "to permit early investigation and prompt settlement of meritorious claims; to avoid the expenses and costs of suit where settlement can be achieved; and to permit the public entity to determine its budget in advance, for taxing

purposes." (*Helle v. Brush*, 53 Ill.2d 405, 407, 292 N.E.2d 372, 374.) Any amendatory procedure would nullify the purposes which the legislature intended the statute to accomplish. We will not render the statute useless by imposing an interpretation which transgresses the clear meaning of the statute.

For these reasons, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.