JAMES BONNER, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHORITY *et al.,* Defendants-Appellees.

First District (1st Division)   No. 1—92—1890

Opinion filed June 28, 1993.

Robert D. Shearer, of Chicago, for appellant.

Anthony J. Rivtrovato, of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff James Bonner appeals from a final order of the circuit court of Cook County which granted defendant Chicago Transit Authority's (the CTA's) motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619). The validity of the circuit court's order turns on whether plaintiff's notice of suit to the CTA, mandated by section 41 of the Metropolitan Transit Authority Act (the Act) (Ill. Rev. Stat. 1989, ch. 111²/₃, par. 341), satisfied the requirements of that section. We find that it did not and, accordingly, affirm the dismissal.

Plaintiff's complaint, filed September 25, 1991, alleges that he was injured in an automobile accident on November 4, 1990, when a CTA bus driven by Gigi Lee collided with his vehicle. Plaintiff's complaint, *inter alia*, alleged negligence and asserted vicarious liability against the CTA.

On October 30, 1991, the CTA filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure. The motion alleged that, contrary to the specific notice requirements of section 41 of the Act, plaintiff's notice of suit incorrectly listed the date of the accident as November 3, 1990, and omitted entirely the approximate time of the accident.

On May 1, 1992, the circuit court granted the CTA's motion. Gigi Lee would remain a named. defendant. Plaintiff pursues this appeal pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

■ This case requires that we construe section 41 of the Act, which provides in relevant part:

"§41. No civil action shall be commenced in any court against the [Chicago Transit] Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file *** a statement, in writing, *** giving the name of the person to whom the cause of action

has accrued, the name and residence of the person injured, *the date and about the hour of the accident,* the place or location where the accident occurred and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 111²/₃, par. 341.

In *Patinkin v. Regional Transit Authority* (1991), 214 Ill. App. 3d 973, 574 N.E.2d 743, we recently addressed the notice requirements of section 41. In *Patinkin,* plaintiff was a passenger on an elevated train when one of the train's windows fell on her finger. Plaintiff sent the Regional Transit Authority (RTA) notice of her intention to sue, thereafter instituting her suit against the RTA. Plaintiff later amended her complaint to add the CTA as a defendant. Plaintiff asserted that the notice she sent to the RTA constituted sufficient notice to the CTA.

The circuit court dismissed plaintiff's action against the CTA on the ground that plaintiff's notice to the RTA did not satisfy the required statutory notice under section 41 of the Act. We affirmed the dismissal. In so doing, we expressly stated as follows:

"The Illinois Appellate Court has previously noted that section 41, like other statutes of similar nature, is mandatory, requiring the claimant to bear the burden of compliance in strict conformity with its stated terms. (*Hayes v. Chicago Transit Authority* (1950), 340 Ill. App. 375, 382, 92 N.E.2d 174, 176.) The point has been illustrated most often in cases in which notice in accordance with the section's terms was lacking, but the CTA was otherwise made aware of the accident and the injured party's intent to sue." (*Patinkin,* 214 Ill. App. 3d at 976.)

We reiterated later that, "in determining whether the requirements of section 41 have been complied with, the section's terms must be strictly construed." *Patinkin,* 214 Ill. App. 3d at 977.

While *Patinkin*'s factual setting differs from the present case, the principle of law for which it stands is directly applicable. In short, claimants against the CTA must strictly comply with section 41. Absent such compliance, dismissal is required.

■ *Patinkin* is dispositive of the instant appeal. (See also *Sanders v. Chicago Transit Authority* (1991), 220 Ill. App. 3d 505, 581 N.E.2d 211 (notice failed to notify the secretary of the board);

*Murphy v. Chicago Transit Authority* (1989), 191 Ill. App. 3d 918, 548 N.E.2d 403 (notice not sent to proper parties); *Margolis v. Chicago Transit Authority* (1979), 69 Ill. App. 3d 1028, 388 N.E.2d 190 (improper listing of plaintiff's attending physician); *Thomas v. Chicago Transit Authority* (1975), 29 Ill. App. 3d 952, 331 N.E.2d 216 (same); *Frowner v. Chicago Transit Authority* (1960), 25 Ill. App. 2d 312, 167 N.E.2d 26 (notice incorrectly set forth date of accident); *Hayes v. Chicago Transit Authority* (1950), 340 Ill. App. 375, 92 N.E.2d 174 (notice not sent to proper parties).) Here, it is uncontested that plaintiff's notice failed to correctly state the date of the accident and omitted entirely the approximate hour of the accident. The notice, therefore, did not comply with the requirements of section 41, with which, as noted, a plaintiff must strictly comply.

On appeal, plaintiff relies on cases which do not construe section 41 of the Act. For example, plaintiff relies on, among others, *Reese v. Village of Arlington Heights* (1990), 204 Ill. App. 3d 129, 561 N.E.2d 1156, which interpreted the now repealed notice provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (see Ill. Rev. Stat. 1985, ch. 85, par. 8—102), and concluded that notices sent thereunder are measured by a standard of substantial, not strict, compliance. It is clear, however, that *Reese* and the other nonsection 41 cases which plaintiff cites must be limited to the statutes which those cases construe. Further, in light of *Patinkin* and *Sanders v. Chicago Transit Authority* (1991), 220 Ill. App. 3d 505, 581 N.E.2d 211, recent decisions of the First Division, First District, we must reject plaintiff's argument that "there is mounting evidence that this court is beginning to interpret the Notice requirements of Section 41 in a liberal manner." To the contrary, the above authority indicates that we have consistently required strict compliance with section 41.

Notwithstanding the foregoing, we are compelled to question the continued need for section 41's notice requirement. With the 1986 repeal of the notice requirement under the Tort Immunity Act, the CTA enjoys the benefit of a highly technical barrier which, as here, frequently serves to bar a claimant's claim. Unlike the CTA, large cities like Chicago no longer have the benefit of notice provisions like section 41 even though municipalities have at least the equal need to have prompt, specific notice of claims against them.

We are a co-equal branch of government, yet our role therein is limited to interpreting what the legislature has enacted. Here, plaintiff's notice listed an incorrect date and omitted the approximate time of the accident. The legislature has specifically required

such matters to be stated in any section 41 notice, and we have continually upheld this requirement. We do so again, reluctantly.

For the foregoing reasons, we affirm the May 1, 1992, order of the circuit court of Cook County dismissing plaintiff's complaint.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.