FIRST DIVISION

August 16, 1999

No. 1-98-2729

MYRON YOKLEY,

Plaintiff-Appellant,

v.

CHICAGO TRANSIT AUTHORITY,

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Michael J. Murray,

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court:

This appeal arises from an action brought by plaintiff Myron Yokley against the Chicago Transit Authority (CTA) for injuries he allegedly suffered when his leg was caught in the doors of a CTA bus.  The circuit court granted the CTA’s motion for summary judgment and dismissed plaintiff’s action for failure to comply with the notice requirements of section 41 of the Metropolitan Transit Authority Act (70 ILCS 3605/41 (West 1996)).  On appeal plaintiff argues that his complaint was improperly dismissed because it substantially complied with the notice requirements of section 41.  We affirm.

Plaintiff filed his negligence complaint against the CTA in the circuit court on April 15, 1994.  The complaint alleged that on July 15, 1993, at approximately 8:39 p.m., plaintiff suffered injuries when a CTA bus, “at or near 34th Street and [Dr. Martin Luther] King [Jr.] Drive” in Chicago, started to move off from the bus stop before plaintiff had completely exited the vehicle.  Plaintiff alleged that he was thrown to the pavement and that his leg was run over by the rear tires of the bus.  The complaint attached a copy of the statutory section 41 notice that plaintiff had filed with the CTA within six months of the injury.  

The notice listed the date and time of the accident as occurring on “the 15th Day of July, 1993[,] at or about 8:39 P.M. [
sic
].”  The location was listed as “[a]t or near 34th. and King Drive, Chicago, Illinois,” and the bus was described as operated by an unknown bus driver “in a northbound direction on King Drive at or near 34th. Street and King Drive.”  The attending physician was listed as “Medical Personnel at Southeastern Medical Center, 2664 E. 106th. Street, Chicago, Illinois.”  Plaintiff also listed three hospitals where he had been attended.

In February 1998, the CTA took plaintiff’s deposition.  In his deposition, plaintiff stated that the time of the accident was between 10 and 10:30 p.m.  Plaintiff was on the northbound number 4 Cottage Grove bus, which he had boarded at 75th Street and Cottage Grove Avenue.  The bus proceeded north on Cottage Grove to 35th Street, turned west on 35th and then north on King Drive.  Plaintiff exited the bus on the east side of King Drive, just north of the intersection of 35th Street and King Drive.  As plaintiff was exiting the rear doors of the bus, his lower right leg got caught by the doors as the bus pulled away.  Plaintiff was thrown to the ground by the force of the bus.  His leg came loose from the door but was crushed between the rear tires of the bus and the curb.  Plaintiff apparently lost consciousness and remembers little except the presence of paramedics and waking up in the hospital.  Although plaintiff underwent surgery and physical therapy, his leg had to be amputated.

On March 23, 1998, the CTA filed a motion for summary judgment.  The CTA argued that plaintiff’s notice did not strictly comply with the requirements of section 41, because of the discrepancies between the time and location information provided on the statutory notice and in the deposition, and that therefore the action was time-barred.  The court held two hearings on the summary judgment motion.  

The CTA presented evidence that 34th Street does not intersect with King Drive on either the east or west side of King Drive.  The CTA also presented the following evidence regarding bus routes at the time of the injury: both the number 4 Cottage Grove bus and the number 3 King Drive bus traveled north on King Drive; the number 4 Cottage Grove bus had a stop on 35th Street 35 feet before the turn north onto King Drive and its next stop was on King Drive, 15 feet south of 33rd Place; the 33rd Place stop was the only authorized stop for the number 4 Cottage Grove bus between 35th Street and 33rd Place; the number 3 King Drive bus had a stop on King Drive 65 feet north of 35th Street.  The CTA also presented evidence that the 33rd Place bus stop is referred to within the CTA as the 34th Street stop.

In response, plaintiff reiterated that the incident happened at a stop north of 35th Street and King Drive.  Plaintiff presented evidence that there is no bus stop on the east side of the 3400 block of King Drive; that 34th Street does not intersect King Drive; and that repeated calls by his counsel to the CTA’s information line did not elicit a description of the 33rd Place stop as the 34th Street stop.

Plaintiff presented the deposition of the paramedic attending him at the injury site.  The paramedic’s report listed the location of the accident as 3400 S. King Drive but the paramedic testified that the address on the report was approximate.  The paramedic testified that she found the plaintiff on King Drive just north of 35th Street, at a location with no exact address because it was in front of a shopping center.  

Plaintiff also presented the deposition of a former CTA summer employee who was one of the bus drivers working the number 4 Cottage Grove bus route on the  evening of the accident.  The driver stated that “if [he was] correct” and “if [he was] right,” there was a Cottage Grove bus stop on 35th Street right before the turn onto King Drive and then another stop immediately after the turn onto King Drive,  approximately 50 feet north of 35th Street.  

The court entered summary judgment in favor of the CTA, finding that plaintiff’s notice was defective because it failed to “accurately specify the place or location where the accident occurred.”  This appeal followed.

Summary judgment is proper where there are no disputed questions of fact and the moving party is entitled to judgment as a matter of law.  
Kennedy v. Four Boys Labor Service
s, Inc., 279 Ill. App. 3d 361, 365, 664 N.E. 2d 1088, 1090 (1996).  The court must consider the pleadings, depositions, affidavits, exhibits, and admissions on file in the case and must construe them strictly against the moving party and liberally in favor of the opponent.  
Purtill v. Hess
, 111 Ill. 2d 229, 240, 489 N.E. 2d 867, 871 (1986).  We review the trial court's grant of summary judgment 
de novo
.  
Kennedy v. Four Boys Labor Service
s, 279 Ill. App. 3d at 366, 664 N.E. 2d at 1090.

Plaintiff argues that the depositions, affidavits, photographs and diagrams submitted to the court to show the degree of variance between the location stated in the notice and the actual location of the injury create genuine issues of material fact which make summary judgment inappropriate.  We note, however, that the court must determine the sufficiency of the notice rather than where the injury actually occurred.  Even assuming plaintiff was injured at the 35th Street and King Drive stop by a number 4 Cottage Grove bus making an unauthorized stop, this does not relieve plaintiff of the burden of complying with the terms of section 41. 

At the time of plaintiff’s accident, section 41 of the Metropolitan Transit Authority Act provided as follows:

“§ 41. No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued.  Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Counsel for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, 
the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician
, if any.  If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing.”  (Emphasis added.)  70 ILCS 3605/41 (West 1996).

The section 41 notice statute was enacted to allow the CTA to make a timely investigation into the facts surrounding an injury that might give rise to a claim against it 
and to permit prompt settlement of any meritorious claims.  
Hinz v. Chicago Transit Authority
, 133 Ill. App. 2d 642, 645, 273 N.E. 2d 427, 430 (1971); 
Thomas v. Chicago Transit Authority
, 29 Ill. App. 3d 952, 955, 331 N.E. 2d 216, 218 (1975).   
If the section 41 notice is filed in the proper form and within the statutory period, the CTA will be able to conduct an investigation while facts are accessible.  
Hinz
, 133 Ill. App. 2d at 646, 273 N.E. 2d at 430.  Without timely and exact notice of an alleged accident, the CTA would be severely handicapped in its investigation.  
Frowner v. Chicago Transit Authority
, 25 Ill. App. 2d 312, 317, 167 N.E. 2d 26, 29 (1960).

Plaintiff must strictly comply with the requirements of section 41 and absent such compliance, his cause of action will be dismissed.  
Bonner v. Chicago Transit Authority
, 249 Ill. App. 3d 210, 212, 618 N.E. 2d 871, 872 (1993); 
Niziolek v. Chicago Transit Authority
, 251 Ill. App. 3d 537, 542, 620 N.E. 2d 1097, 1100, 1102 (1993); 
Hayes v. Chicago Transit Authority
, 340 Ill. App. 375, 382, 92 N.E. 2d 174, 176 (1950).  
The written notice must contain each of the required elements set forth in the statute and is insufficient if one or more of the essential elements is omitted.  
Thomas
, 29 Ill. App. 3d at 954, 331 N.E. 2d at 218.  Even in cases where the CTA has full knowledge or actual notice of the injury, strict compliance with the terms of section 41 is required. 
 Bonner
, 249 Ill. App. 3d at 212, 618 N.E. 2d at 872; 
Repaskey v. Chicago Transit Authority
, 60 Ill.2d 185, 188, 326 N.E. 2d 771, 773 (1975); 
Hayes
, 340 Ill. App. at 382, 92 N.E. 2d at 176.  

 Plaintiff argues that the decision of the trial court should be reversed because his statutory notice complied with the requirements of section 41.  Plaintiff’s notice provided a nonexistent location.  Providing a nonexistent location is tantamount to providing no location at all.  
See 
Thomas
, 29 Ill. App. 3d at 955, 331 N.E. 2d at 218 (listing wrong physician in notice is complete omission of essential element); 
Frowner
, 25 Ill. App. 2d at 315, 167 N.E. 2d at 28, citing 
Ouimette v. City of Chicago
, 242 Ill. 501, 507-08, 90 N.E. 300, 302 (1909) (providing wrong date in notice has same effect as providing no date at all).  Because plaintiff provided a nonexistent location in his notice, thereby omitting one of the essential elements, his notice does not comply with the statutory requirements.

Plaintiff asserts that the injury arose from the manner in which the bus was operated and that therefore the “exact location of the injury is irrelevant.”  We strongly disagree.  The purpose of the statute is to allow the CTA to investigate claims shortly after an alleged accident, and the legislature determined that the location of the injury was a necessary element in that investigatory process.  An accurate location enables the CTA to determine which bus and driver were involved in the accident, to locate witnesses, and to examine the accident scene.  Location is especially important in claims such as plaintiff’s, where the CTA is not aware of a claim until it receives the statutory notice and the claimant does not identify a bus route, bus number, or a bus driver.  Where, as here, there is no other information in the notice that would assist in identifying the exact location, the CTA is left to speculate as to where the accident occurred and which bus and driver were involved.  

In addition, the insufficiency of the notice is compounded by plaintiff’s failure to provide the correct time and the names of his attending physicians as required by the statute.  Plaintiff argues that the statute requires that a claimant provide “
about
 the hour of the accident” and we concur that the 1½ - to 2-hour time discrepancy could arguably fit that parameter.  However, in this case, even if the CTA had been able to determine the location of the accident and the bus route involved, by stating the incorrect time so precisely, plaintiff would cause the CTA unnecessarily to investigate the particular driver operating a particular bus at 8:39 p.m. rather than the correct bus and driver between 10 and 10:30 p.m.  Plaintiff’s failure to list an attending physician precluded the CTA from contacting that individual.

Plaintiff asserts that compliance with section 41 should be liberally construed. 

Plaintiff first argues that a recent amendment to section 41 provides that section 41 is to be “liberally construed in favor of the person required to file a written statement” and that therefore plaintiff’s statutory notice pinpointing the accident location to within two bus stops on the number 4 Cottage Grove bus route is  sufficient.  Effective July 1, 1998,  section 41 was amended by the addition of a second paragraph which provided:

“Any person who notifies the Authority that he or she was injured or has a cause of action shall be furnished a copy of Section 41 of this Act.  Within 10 days after being notified in writing, the Authority shall either send a copy by certified mail to the person at his or her last known address or hand deliver a copy to the person who shall acknowledge receipt by his or her signature.  When the Authority is notified later than 6 months from the date the injury occurred or the cause of action arose, the Authority is not obligated to furnish a copy of Section 41 to the person.  In the event the Authority fails to furnish a copy of Section 41 as provided in this Section, any action commenced against the Authority shall not be dismissed for failure to file a written notice as provided in this Section.  
Compliance with this Section shall be liberally construed in favor of the person required to file a written statement.
”  (Emphasis added.)  70 ILCS 3605/41 (West 1998). 

Courts do not view retroactive legislation favorably, and 
there is a strong presumption that new legislation will operate prospectively
.  
Salzbrenner v. Beckham
, 145 Ill. App. 3d 941, 944, 496 N.E. 2d 354, 356 (1986).  
In addition, postponement of an act’s effective date indicates that the amendment should have only prospective application.  
Salzbrenner
, 145 Ill. App. 3d at 946, 496 N.E. 2d at 357.  Although the other provisions of section 99 of Public Act 90-451 were made effective on January 1, 1998, the provision regarding section 41 was made effective on July 1, 1998.  Pub. Act 90-451, § 99 (eff. July 1, 1998).  The legislature expressly postponed the effective date of the amendment to section 41; therefore, the amendment is not retroactive to the date of plaintiff’s injury in 1993. 

Even if the amendment were retroactive, the sentence that plaintiff relies on applies to initial communications from possible claimants, not to the section 41 statutory notices that these claimants might file later.  The legislative history shows that the purpose of the amendment was to notify possible claimants of the six-month statute of limitations and filing requirements of section 41 so that legitimate claims would not be dismissed because the claimant was unaware of the notice requirement.  90th Ill. Gen. Assem. Senate Debates May 21, 1997, at 52.  The sentence regarding liberal construction comes at the end of the new paragraph.  The sentence obviously requires the CTA to liberally construe the written communications it receives from possible claimants as constituting sufficient notification that a cause of action may exist so that these potential claimants are sent a copy of the section 41 statute by the CTA.  The clear import of the amendment is that the legislature did not intend that compliance with the notification elements of section 41 be liberally construed.

Plaintiff also argues that, because the language of section 41 was taken almost verbatim from now-repealed notice section 8-102 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 8/102 (West 1993)) and also from section 8-103 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 8/103 (West 1993)), case law applying the substantial compliance standard in interpreting those sections is applicable to section 41.  We disagree.  As stated in 
Bonner v. Chicago Transit Authority
, it is clear that the “non-section 41 cases which plaintiff cites must be limited to the statutes which those cases construe.  ***  [W]e have consistently required strict compliance with section 41.”  
Bonner
, 249 Ill. App. 3d at 213, 618 N.E. 2d at 872-73.

We note lastly that, even if liberally construed, plaintiff’s notice is clearly insufficient.  Contrary to plaintiff’s assertion, the notice does not pinpoint the accident location to within two bus stops on the number 4 Cottage Grove bus route.  Plaintiff’s insufficient notice requires the CTA to speculate as to where the accident happened and which bus and driver were involved, thereby defeating the purpose for which section 41 was enacted.   

Accordingly, for the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

O’BRIEN, P.J., and O’MARA FROSSARD, J., concur.