FIRST DIVISION 

February 20, 2001

No. 1-00- 0592 

ANNIE FIELDS, ) Appeal from the 

           ) Circuit Court of

Plaintiff- Appellant, ) Cook County.

   ) 

           )   No. 99 M1 306788

           ) 

CHICAGO TRANSIT AUTHORITY, ) Honorable

) John Laurie,

Defendant-Appellee. ) Judge Presiding.

           

JUSTICE COHEN delivered the opinion of the court:

Plaintiff, Annie Fields, filed a negligence complaint against defendant, Chicago Transit Authority (CTA), and its agent, Tom Deyamfer, seeking damages for injuries she sustained while she was a passenger on a  CTA bus.   The trial court dismissed plaintiff's cause of action pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 1998)) finding plaintiff had failed to comply with the notice requirements of section 41 of the Metropolitan Transit Authority Act (Act) ( 70 ILCS 3605/41 (West 1998)).  On appeal, plaintiff argues that 
the CTA should have been precluded from raising section 41 as an affirmative defense as the CTA failed to furnish her with a copy of section 41 within 10 days after being notified of the accident as required by the statute.  For the following reasons, we reverse.    

I. BACKGROUND

On February 4, 1999, plaintiff was a passenger on a bus that was owned and operated by the CTA and was being driven by defendant Tom Deyamfer, a CTA employee.  While traveling southbound on Western Avenue, the CTA bus came to a sudden stop at or near the intersection of Western Avenue and 96th Street, causing plaintiff to be forcefully thrown onto her knees.  

  Immediately after her fall, plaintiff filled out a CTA courtesy card given to her by defendant Deyamfer.  Prior to exiting the bus, plaintiff returned the courtesy card to Deyamfer which included the following information: plaintiff's name, address, telephone number, date of birth, the time and date of the accident, the bus driver's name and badge number, the bus number, and the bus's garage location.

On October 18, 1999, plaintiff filed a negligence complaint against the CTA and Deyamfer, as agent of the CTA.  In lieu of an answer, defendants filed a motion to dismiss pursuant to section 2-619 (a)

of the Code (735 ILCS 5/2-619(a) West (1998)) asserting plaintiff's failure to comply with the notice requirements of section 41 of the Act ( 70 ILCS 3605/41 (West 1998)).  In response, plaintiff argued that defendants were precluded from asserting section 41 as an affirmative defense because the CTA failed to comply with the statute's mandatory requirement that it provide her with a copy of section 41 within 10 days of being notified of the accident.   In reply, the CTA argued that the information provided by plaintiff on the CTA's courtesy card did not constitute notice that plaintiff "was injured" or "has a cause of action" within the meaning of the statute and the CTA was therefore not obligated to send plaintiff a copy of section 41.  On January 13, 2000,  the trial court dismissed plaintiff's complaint with prejudice.  This appeal followed.

II. ANALYSIS

The standard of review of a trial court's dismissal of a complaint pursuant to section 2-619 is 
de novo
. 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 189 Ill. Dec. 31 (1993).  The construction of a statute is a question of law that is also independently determined by a reviewing court. 
Milledgeville Community Credit Union v. Corn
, 307 Ill. App. 3d 8, 12  (1999).  On review, we must determine whether the trial court's dismissal of plaintiff's complaint for failure to comply with section 41 was proper as a matter of law.  
Zedella v. Gibson
, 165 Ill. 2d 181, 185-86, 650 N.E.2d 1000, 209 Ill. Dec. 27 (1995).

At all relevant times herein, Section 41 of the Metropolitan Transit Authority Act provided as follows:

"Sec. 41. No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Counsel for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any. 
If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." 
(Emphasis added.) 70 ILCS 3605/41 (West 1998).
  

The section 41 notice requirement was enacted  to afford the CTA the opportunity to make timely investigations into the facts surrounding injuries that might give rise to claims against it and to promote prompt settlement of meritorious claims.  
Yokley v. Chicago Transit Authority
, 307 Ill. App. 3d 132, 136 (1999).  Strict compliance with the notice requirement is mandated in order to avoid any prejudice to the CTA  that would enure as a result of  its inability to conduct investigations while the facts are readily accessible.  
Yonkley,
 307 Ill. App. 3d at 136, citing 
Frowner v. Chicago Transit Authority
, 25 Ill. App. 2d 312, 317 (1960).  Failure to file a written notice containing each of the essential elements as set forth in the statute is grounds for dismissal. 
Bonner v. Chicago Transit Authority
, 249 Ill. App. 3d 210, 212
 (1993).

In the case at bar, plaintiff concedes that case law requires strict application of the section 41 notice provision.  Plaintiff further concedes that she did not comply with the formal notice requirement outlined in the first paragraph of the statute.  However, plaintiff argues that dismissal of her complaint is precluded by a recent amendment to section 41, effective July 1, 1998, which added a second paragraph to this section and provides as follows:

"Any person who notifies the Authority that he or she was 
injured
 or 
has a cause of action
 shall be furnished a copy of Section 41 of this Act. Within 10 days after being notified in writing, 
the Authority shall
 either send a copy by certified mail to the person at his or her last known address or hand deliver a copy to the person who shall acknowledge receipt by his or her signature. When the Authority is notified later than 6 months from the date the injury occurred or the cause of action arose, the Authority is not obligated to furnish a copy of Section 41 to the person. In the event the Authority fails to furnish a copy of Section 41 as provided in this Section, 
any action commenced against the Authority shall not be dismissed for failure to file a written notice as provided in this Section. 
Compliance with this Section shall be 
liberally construed
 in favor of the person required to file a written statement."  (Emphasis added.) 70 ILCS 3605/41 (West 1998).
  

Plaintiff argues that the courtesy card she filled out and turned in to Deyamfer on the day of the accident constituted notice to the CTA that she "was injured" or "has a cause of action" and thus the CTA, having gotten such notice, was then statutorily required to furnish her with a copy of section 41 within 10 days of receiving her courtesy card.  Plaintiff further contends that CTA's failure to comply with the statute's new distribution requirement by failing to send her a copy of section 41 precluded the CTA from asserting section 41 as an affirmative defense.  Plaintiff therefore argues that the trial court erred as a matter of law when it dismissed her complaint for failure to file a written notice with the secretary of the Chicago Transit Board and the General Counsel for the CTA.

Defendants concede that notice to the CTA that plaintiff "was injured" or "has a cause of action" would trigger its obligation to furnish plaintiff with a copy of section 41 under the statute's new distribution  requirement.  Defendants further concede that the CTA's  failure to comply with this distribution requirement would preclude dismissal of plaintiff's complaint based on her failure to comply with section 41.   However, defendant argues that the trial court's dismissal was proper because CTA's receipt of a courtesy card stating plaintiff's name, address, telephone number, date of birth, the date and time of the accident, the bus driver's name and badge number, the bus number, and the bus's garage,  was insufficient to create a duty to furnish plaintiff with a copy of section 41.   Defendants contend that plaintiff's initial notice to the CTA must 
affirmatively
 state, using the exact words in the statute, that plaintiff "was injured" or "has a cause of action" in order to trigger the CTA's distribution obligation.  We disagree.

 When construing a disputed statutory provision, the court's primary goal is to ascertain and give effect to the legislature's intent.
 
 
In re Marriage of Brackett
, 309 Ill. App. 3d 329, 343 (1999)
.  To determine the legislative intent, we first consider the statutory language.
  State Farm Fire & Casualty Co. v. Yapejian
, 152 Ill. 2d 533, 540-41 (1992).   The language within each section of a statute must be examined in light of the entire statute. 
Stone v. Department of Employment Security Board of Review,
 151 Ill. 2d 257, 261 (1992).  The court may also consider the reason and necessity for the law, the evils to be remedied, and the objectives to be attained.  
Koperski v. Amica Mutual Insurance Co.,
 287 Ill. App. 3d 494, 497 (1997).  The court will assume that the legislature did not intend to produce an absurd or unjust result. 
 Yapejian
, 152 Ill. 2d at 541. 

The language employed by the legislature in section 41 appears straightforward when it states, "[a]ny person who notifies the Authority that he or she was 
injured
 or 
has a cause of action
 shall be furnished a copy of Section 41 of this Act." (Emphasis added).  70 ILCS 3605/41 (West 1998).  However, application of this provision becomes less clear cut when one realizes that exactly what constitutes sufficient "notice" is subject to interpretation.  Unlike the notice provision in the first paragraph of section 41, which itemizes the essential elements and has been held to be mandatory as to form, the paragraph added by the 1998 amendment merely states the substance of what must be addressed in the initial notice and is silent as to form.  Defendants urge an interpretation of the 1998 amendment that would require every notice to the CTA to use the magic words "injured" or "cause of action" in order to trigger its distribution obligation.  However, such an interpretation would clearly run afoul of the expressed legislative intent and would produce absurd and unjust results.

The legislative history shows that the purpose of the 1998 amendment was to both eliminate surprise to plaintiffs regarding the six-month statute of limitations and to mitigate the onerous burden of section 41's formal notice requirement so that legitimate claims would not be unjustly dismissed. 
Yonkley,
 307 Ill. App. 3d at 138-9, citing 90th Ill. Gen. Assem. Senate Debates May 21, 1997, at 52.  In accord with this purpose, 
the 1998 amendment states, "[c]ompliance with this Section shall be 
liberally construed
 in favor of the person required to file a written statement." (Emphasis added). 70 ILCS 3605/41 (West 1998).  In 
Yonlkley, 
 the court noted that the sentence regarding liberal construction was applicable only to the newly-added notice provision in the second paragraph of section 41 and did not affect the mandatory requirements of the preexisting notice provision in the first paragraph.  The court stated, "[t]he sentence obviously requires the CTA to liberally construe the written communications it receives from possible claimants as constituting sufficient notification that a cause of action 
may
 exist so that these potential claimants are sent a copy of the section 41 statute by the CTA." (Emphasis added).  
Yonkley
, 307 Ill. App. 3d at 139.
  

The legislative history and the court's analysis in 
Yonkley
 demonstrate that the 1998 amendment to section 41 altered the procedural scheme for commencing civil actions against the CTA.  First, the added paragraph provides a relaxed notice requirement whereby a potential plaintiff may submit an initial written communication directly to the CTA.  The "liberal construction" standard adopted by the legislature for the purpose of construing plaintiff's initial notice defeats defendants' argument that the words "injury" or "cause of action" must be included in the notice in order for the notice to be valid.  Upon receipt of any written communication that can be 
reasonably
 interpreted as notification that an individual claimant was injured or has a cause of action, the CTA is required to furnish the claimant with a copy of section 41 within 10 days. See 70 ILCS 3605/41 (West 1998).  The CTA's failure to comply with its distribution obligation under the 1998 amendment constitutes a waiver of the plaintiff's obligation to comply with the formal notice requirement outlined in the first paragraph of section 41.   Thus, the only issue remaining is whether the courtesy card submitted by plaintiff on the day of the subject incident can be reasonably interpreted as notice to the CTA that plaintiff "was injured" or "has a cause of action." 

 The courtesy card filled out by plaintiff and submitted to CTA agent Deyamfer states plaintiff's name, address, telephone number, date of birth, the date and time of the accident, the bus driver's name and badge number, the bus number, and the bus's garage.  For the purpose of determining whether plaintiff's written communication is sufficient under section 41, the most significant information provided to the CTA was the date and time of the 
accident.  
Illinois courts have defined the word "accident" as "[a]n unforeseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character." 
Aetna Casualty & Surety Co. v. Freyer
, 89 Ill. App. 3d 617, 619 (1980).  In the context of duties which apply to an operator of a motor vehicle, the word "accident" generally "contemplates any situation occurring on the highway wherein he so operates his automobile as to cause 
injury 
to the property or person of another using the same highway." (Emphasis added).  
Black's Law Dictionary 
14 (5th ed. 1979).  Therefore, applying the liberal construction standard adopted by the legislature, we find that a written communication that includes the date and time of an "accident" can be reasonably interpreted as notice to the CTA that a claimant "was injured" within the meaning of section 41. 

We note that the written communication submitted to the CTA by plaintiff in the case at bar includes practically all of the elements necessary to satisfy even the formal notice provision in section 41. The formal notice provision in the first paragraph of section 41 requires plaintiff to file a notice that includes: "the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any."  70 ILCS 3605/41 (West 1998).  Surely it would be an absurd and unjust result if we construed the 1998 amendment as calling for information more specific than that required by the original notice provision, the harshness of which the 1998 amendment was drafted to mitigate.  See 
Yonkley,
 307 Ill. App. 3d at 138-9.  This court finds it cannot be reasonably argued,  given the statutory content of the 1998 amendment, that the CTA had insufficient information from plaintiff's detailed courtesy card answers to vitiate the CTA's statutory duty to furnish plaintiff with a copy of section 41. 

In light of our analysis of the above issue, the CTA was obligated to provide plaintiff with a copy of section 41 within ten days of receiving plaintiff's courtesy card.  As a result of  the CTA's failure to comply with the statute's distribution requirement, section 41 specifically states, "any action commenced against the Authority shall not be dismissed for failure to file a written notice as provided in this Section."  

70 ILCS 3605/41 (West 1998).  Accordingly, the trial court erred when it dismissed plaintiff's complaint 
for failure to file a written notice 
with the secretary of the Chicago Transit Board and the General Counsel for the CTA.
 

III. CONCLUSION

For the foregoing reasons, we reverse the Circuit Court of Cook County's dismissal of plaintiff's complaint.

Reversed.
 

McNULTY, P.J., and TULLY, J., concur.