SECOND DIVISION

May 01, 2001 

No. 1-00-1782

JOZEFA PUSZKARSKA,

Plaintiff-Appellant,

v.

CHICAGO TRANSIT AUTHORITY and JESSICA JORDAN, 

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court

of Cook County

No. 00 L 0446

Honorable

Diane J. Larsen,

Judge Presiding.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Jozefa Puszkarska filed a complaint alleging she was injured on a Chicago Transit Authority (CTA) bus when the driver stopped the bus suddenly, causing her to fall.  Defendant CTA filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 1998)), contending that plaintiff failed to comply with the notice requirements of section 41 of the Metropolitan Transit Authority Act (70 ILCS 3605/41 (West 1998)).  The trial court dismissed the complaint.  Plaintiff appeals, arguing that she cannot be held to the strict notice requirements of section 41 because the CTA did not provide her with a copy of section 41 when it received written notice of her injury from her attorney.  We agree and reverse.

Section 41 reads as follows:

"No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued.  Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Counsel for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any.  If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing.

Any person who notifies the Authority that he or she was injured or has a cause of action shall be furnished a copy of Section 41 of this Act.  Within 10 days after being notified in writing, the Authority shall either send a copy by certified mail to the person at his or her last known address or hand deliver a copy to the person who shall acknowledge receipt by his or her signature.  When the Authority is notified later than 6 months from the date the injury occurred or the cause of action arose, the Authority is not obligated to furnish a copy of Section 41 to the person.  In the event the Authority fails to furnish a copy of Section 41 as provided in this Section, any action commenced against the Authority shall not be dismissed for failure to file a written notice as provided in this Section.  Compliance with this Section shall be liberally construed in favor of the person required to file a written statement."  70 ILCS 3605/41 (West 1998).

Absent a claimant's strict compliance with the section 41 notice requirements, a cause of action will be dismissed.  
Bonner v. Chicago Transit Authority
, 249 Ill. App. 3d 210, 212, 618 N.E.2d 871, 872 (1993).  "The written notice must contain each of the required elements set forth in the statute and is insufficient if one or more of the essential elements is omitted."  
Yokley v. Chicago Transit Authority
, 307 Ill. App. 3d 132, 137, 717 N.E.2d 451, 455 (1999), citing 
Thomas v. Chicago Transit Authority
, 29 Ill. App. 3d 952, 954, 331 N.E.2d 216, 218 (1975).  The legislature added the second paragraph of section 41 in a 1998 amendment.  Pub. Act  90–451, eff. July 1, 1998 (amending 70 ILCS 3605/41 (West 1994)). 

In this case, the alleged injury occurred on June 18, 1999.  On October 6, 1999, the CTA received plaintiff's written notice that she would bring an action for damages.  In numbered paragraphs, the notice listed each element required by section 41.  Paragraph 3 listed: "The date and hour of the accident," but only provided the date, not the hour.  The notice was signed by plaintiff's attorney and stated: "This notice [is] filed in accordance with the Provisions of Section 41 of the Metropolitan Transit Authority Act."

On its face, the notice shows plaintiff's familiarity with the notice requirements set out in the first paragraph of section 41.  It was filed within the six-month limitations period.  Its only defect is the omission of the hour the accident occurred.

Plaintiff argues that the notice should be considered written notice to the CTA that she was injured, triggering the second paragraph of section 41, which requires the CTA to furnish a copy of section 41 to plaintiff.  The second paragraph further provides:  "In the event the Authority fails to furnish a copy of Section 41 as provided in this Section, any action commenced against the Authority shall not be dismissed for failure to file a written notice as provided in this Section."  70 ILCS 3605/41 (West 1998).  The CTA responds that, because the notice was filed by plaintiff's attorney and not plaintiff herself, it was not a written notice that triggered the requirement that the CTA send plaintiff a copy of section 41.  The CTA further argues that the notice clearly shows that plaintiff, or her attorney, was already aware of section 41's formal notice requirements and did not need a copy of section 41 from the CTA.  The trial court, apparently, agreed with the CTA's argument.

We review 
de
 
novo
 a trial court's dismissal of a complaint under section 2-619 of the Code.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993).  Statutory construction is a question of law to be decided by the reviewing court without deference to the judgment of the trial court.  
Advincula v. United Blood Services
, 176 Ill. 2d 1, 12, 678 N.E.2d 1009, 1015 (1996).  "The primary rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the legislature."   
People ex rel. Baker v. Cowlin
, 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1253 (1992).  A court should consider the reason and necessity for the law, the evils it was intended to remedy and the objects and purposes to be obtained.  
People v. Tucker
, 167 Ill. 2d 431, 435, 657 N.E.2d 1009, 1011 (1995).  If the statutory language is clear, we need not look further to construe the statute.  
In re D.L.
, 191 Ill. 2d 1, 9, 727 N.E.2d 990, 994 (2000).  But if the language is ambiguous, we may look to the legislative history.  
People v. Zaremba
, 158 Ill. 2d 36, 40, 630 N.E.2d 797, 799 (1994).

We first look to the language of section 41 itself.  The second paragraph begins, "Any person who notifies the Authority that he or she was injured or has a cause of action shall be furnished a copy of Section 41 ***."  70 ILCS 3605/41 (West 1998).  The CTA argues that this means that only the person who was injured may notify it and be furnished with a copy of section 41.  The CTA contends that if the legislature had intended to allow agents or attorneys to notify the CTA and receive a copy of section 41 on a claimant's behalf, the legislature would have plainly said so, as it did in the first paragraph of section 41: "either by himself, his agent, or attorney."

We note that the second paragraph of Section 41 also states: "Compliance with this Section shall be liberally construed in favor of the person required to file a written statement."  70 ILCS 3605/41 (West 1998).  In 
Yokley
, 307 Ill. App. 3d at 139, 717 N.E.2d at 457, the court held:

"The sentence obviously requires the CTA to liberally construe the written communications it receives from possible claimants as constituting sufficient notification that a cause of action may exist so that these potential claimants are sent a copy of the section 41 statute by the CTA.  The clear import of the amendment is that the legislature did not intend that compliance with the notification elements of section 41 be liberally construed."

Liberally construing plaintiff's notice, we disagree with the CTA that the notice should be disregarded as an initial communication simply because it was filed by plaintiff's attorney on her behalf.  "The legislative history shows that the purpose of the amendment was to notify possible claimants of the six-month statute of limitations and filing requirements of section 41 so that legitimate claims would not be dismissed because the claimant was unaware of the notice requirement.  90th Ill.  Gen. Assem., Senate Debates, May 21, 1997, at 52."  
Yokley
, 307 Ill. App. 3d at 138-39, 719 N.E.2d at 457.  Unlike the detailed requirements set out in the first paragraph for section 41 notices, the second paragraph of section 41 provides no guidelines or requirements, other than that they be in writing, for initial communications triggering the CTA's duty to provide a copy of section 41.  "Upon receipt of any written communication that can be 
reasonably
 interpreted as notification that an individual claimant was injured or has a cause of action, the CTA is required to furnish the claimant with a copy of section 41 within 10 days."  (Emphasis in original.)  
Fields v. Chicago Transit Authority
, No. 1-00-0592, slip op. at 6 (February 20, 2001).  

In light of the requirement that initial communications to the CTA be liberally construed, the CTA may not, in our view, pick and choose which written communications trigger its duty to provide a claimant with a copy of section 41 or divine the state of mind of the claimant or her attorney.  A person who notifies the CTA 
in
 
writing
 that she was injured or has a cause of action "shall be furnished a copy of Section 41."  70 ILCS 3605/41 (West 1998).  Because the statute includes no other requirements, the CTA does not have discretion to add requirements not expressly stated in the statute or attempt to discern from a claimant's written communication whether she was already aware of section 41's formal notice requirements and statute of limitations.  Nor is there language in the statute that empowers the CTA to assume that notice from the claimant's attorney waives the duty of the CTA to furnish a copy of the statute.  So long as a claimant notifies the CTA in writing that she was injured or has a cause of action, regardless of the form of that notice, the CTA must provide the claimant a copy of section 41.  In view of the six-month statute of limitations and "the onerous burden of section 41's formal notice requirement" (
Fields
, slip op. at 5-6), we find it only fair that the CTA strictly comply with the statutory obligation to provide claimants with a copy of section 41.  In so doing we are only imposing on the CTA the same zealous adherence to the statute it asks us to impose on the claimant.

Here, the trial court erred in dismissing plaintiff's complaint for failure to comply with the section 41 notice requirements.  Because the CTA failed to provide plaintiff a copy of section 41 within 10 days of receiving her written notice that she had a cause of action, the action "shall not be dismissed" for failure to strictly comply with the formal notice requirements.  70 ILCS 3605/41 (West 1998).

We reverse the circuit court's dismissal of plaintiff's complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

GORDON and COUSINS, JJ., concur.