LETICIA CEDENO, as Special Adm'r of the Estate of Petra Cedeno, Deceased, Plaintiff-Appellant, v. JAMES ELLIS GUMBINER, d/b/a The Law Offices of James Ellis Gumbiner and Associates, *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—03—0945

Opinion filed March 11, 2004.

Kupets & DeCaro, P.C., of Chicago (Dennis J. DeCaro, of counsel), for appellant.

Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton (Patricia L. Argentati, of counsel), for appellee James Ellis Gumbiner.

Alholm, Monahan, Keefe & Klauke, L.L.C., of Chicago (Peter A. Monahan and Nizam Arain, of counsel), for other appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals from the circuit court's section 2—619 (735 ILCS 5/2—619 (West 2002)) dismissal of her legal malpractice action against defendants, her former attorneys; James Ellis Gumbiner, the Law Offices of James Ellis Gumbiner & Associates (Gumbiner), Bruce D. Goodman, Emilio Machado, and the Law Office of Steinberg, Polacek & Goodman (Goodman).[1] On appeal, plaintiff questions whether the circuit court erred in determining defendants' negligence did not proximately cause plaintiff's defeat in her personal injury lawsuit against the Chicago Transit Authority (CTA). For the reasons that follow, the circuit court's judgment is affirmed.

On April 29, 1999, plaintiff, Petra Cedeno, was injured when she fell while exiting a CTA bus. In an effort to commence a personal injury lawsuit against CTA, she retained, as her attorney, Gumbiner.[2] Shortly thereafter, Gumbiner referred the case to Goodman, who sent to CTA a "Notice of Claim for Personal Injuries" (Notice) on September 8, 1999. The Notice alleged incorrectly that plaintiff's accident occurred on April 30, 1999, instead of the actual date, April 29, 1999. In a letter dated January 13, 2000, plaintiff terminated her relationship with Goodman.

---

[1] Defendants Gumbiner and Goodman filed separate appellate briefs in this matter; however, because their arguments are essentially in lock-step, they are referred to collectively.

[2] Petra Cedeno, the injured party and original plaintiff, since died and her daughter, Leticia Cedeno, a special administrator of the estate, was substituted as plaintiff on May 7, 2000.

Proceeding with her lawsuit against CTA, plaintiff retained Patrick Cummings and the Law Offices of Ciardelli & Cummings (Cummings).[3] Through Cummings, plaintiff filed her complaint on April 20, 2000, nine days within the statute of limitations. She asserted the accident date was April 29, 1999, which CTA denied in its answer. On September 13, 2000, CTA moved for summary judgment, citing plaintiff's failure to comply strictly with the notice requirements set forth in section 41 of the Metropolitan Transit Authority Act (Act). 70 ILCS 3605/41 (West 1998) (section 41). Specifically, CTA argued plaintiff's Notice contained the wrong accident date, and further asserted the date varied from the correct date stated in the complaint, which CTA previously denied in its answer.

In response, plaintiff asserted CTA's failure to provide her with a copy of section 41, as required by that section, precluded it from using the section's formal notice requirements as grounds for dismissal. Plaintiff also claimed the defect was a *de minimus* typographical error, and that compliance with section 41 should be "liberally construed" in her favor, in accordance with the amendment to this section.

On February 7, 2001, the circuit court granted CTA's motion for summary judgment, dismissing the cause with prejudice. Thereafter, on February 15, 2001, Cummings filed a timely notice of appeal from the circuit court's grant of summary judgment and, weeks later, filed an amended notice of appeal. Plaintiff's appeal was dismissed by the appellate court on July 19, 2001, for want of prosecution.

On August 23, 2001, plaintiff commenced the instant legal malpractice action, naming both Gumbiner and Goodman as defendants.[4] Gumbiner and Goodman filed separate motions to dismiss plaintiff's malpractice action. The circuit court found plaintiff's Notice sufficient to trigger CTA's affirmative duty to furnish plaintiff with a copy of section 41 of the Act. Accordingly, the court granted defendants' motions, dismissing plaintiff's cause with prejudice.[5] Plaintiff timely appeals.

Plaintiff contends defendants were negligent for providing defective written notice of her accident to CTA. It is her position that the

---

[3]Cummings became defendants in this matter when plaintiff filed her fourth amended complaint on October 4, 2002, but are not parties to this appeal. Plaintiff's case against Cummings is pending in the circuit court.

[4]In her legal malpractice suit against Cummings, plaintiff alleged Cummings failed to file either an appellate brief or a timely motion to vacate the appellate court's order dismissing the appeal of her suit against CTA.

[5]The circuit court, however, simultaneously denied Cummings' motion to dismiss plaintiff's claim. As previously noted, although not parties to the instant appeal, Cummings remain parties to the case before the circuit court.

Notice provided is tantamount to no notice at all since the inclusion of the correct date is an indispensable element of notice under section 41. Relying on *Frowner v. Chicago Transit Authority*, 25 Ill. App. 2d 312, 315, 167 N.E.2d 26 (1960), and *Yokley v. Chicago Transit Authority*, 307 Ill. App. 3d 132, 136-37, 717 N.E.2d 451 (1999) (*Yokley*), plaintiff argues without the correct accident date, written notice cannot comply strictly with the requirements of section 41.

Plaintiff acknowledges section 41 was amended in 1998, imposing upon CTA a duty to furnish a copy of section 41 to any possible claimants who notify CTA of an accident or cause of action. She urges, however, CTA's duty never arose here since it never actually received notice of an accident occurring on April 29, 1999. She believes the issue of whether CTA had a duty to provide her with a copy of section 41 is irrelevant to the question of whether defendants were negligent for providing defective notice. Plaintiff concludes that "[n]othing in the amended language [of section 41] relieved the individual providing 'Notice' from providing the correct date of accident."

Plaintiff cites two cases that have addressed section 41 as amended, *Fields v. Chicago Transit Authority*, 319 Ill. App. 3d 683, 745 N.E.2d 102 (2001) (*Fields*), and *Puszkarska v. Chicago Transit Authority*, 322 Ill. App. 3d 75, 748 N.E.2d 755 (2001) (*Puszkarska*).

In *Fields*, plaintiff was injured on a CTA bus and handed the driver a courtesy card containing information regarding her accident. On appeal, she argued the card satisfied the notice requirement, triggering CTA's duty to provide her with a copy of section 41, which it did not do. The court found CTA's failure to comply with its obligation caused it to waive the formal notice requirements, leaving the court to determine only whether the information on the card was sufficient to trigger CTA's duty. In finding the card adequate, the court noted that "the most significant information provided to CTA was the date and time of the accident." (Emphasis omitted.) *Fields*, 319 Ill. App. 3d at 689. Plaintiff extrapolates from *Fields* that reasonable notice must include the correct date and hour.

In *Puszkarska*, plaintiff filed with CTA written notice containing only one defect—the hour of the accident was omitted. Plaintiff argued her notice actuated CTA's duty to provide her with a copy of section 41, which it neglected to do. CTA argued plaintiff's notice should be disregarded as an initial communication for failure to conform stringently to the detailed requirements of section 41. Construing the initial communication liberally, the court determined amended section 41 requires only that the initial communication be in writing to trigger CTA's duty, and CTA's nonperformance caused it to waive plaintiff's formal notice obligations. *Puszkarska*, 322 Ill. App. 3d at 78-79.

Defendants respond that plaintiff misconstrues the paramount issue in this case, suggesting the issue is not whether the initial Notice complied strictly with the formal requirements of section 41 but, rather, whether the initial Notice was sufficient to trigger CTA's duty to provide a copy of section 41 to plaintiff, thereby precluding CTA from dismissing the action on grounds of defective notice.

Defendants likewise rely on *Fields* and *Puszkarska*, correctly pointing out these cases recognize section 41's amendment modified the overall procedural scheme for filing a claim against CTA. They argue the amendment to section 41, which allows for initial written notice to be "liberally construed," abrogates plaintiff's duty to adhere strictly to the detailed formal notice requirements in situations, as here, where CTA fails to furnish plaintiff with section 41. Once CTA's duty is triggered but goes unsatisfied, CTA may not dismiss a claim based solely on plaintiff's noncompliance. Therefore, they maintain, the adverse impact of their defective initial Notice was negated, and the strength of plaintiff's underlying case against CTA was left intact.

Defendants insist they could not have proximately caused plaintiff's damages since her case remained actionable at the time of their discharge as plaintiff's attorneys. Citing *Land v. Greenwood*, 133 Ill. App. 3d 537, 540-41, 478 N.E.2d 1203 (1985) (*Land*), and *Mitchell v. Schain, Firsel & Burney, Ltd.*, 332 Ill. App. 3d 618, 620-21, 773 N.E.2d 1192 (2002) (*Mitchell*), defendants aver that where the conduct of a successor attorney constitutes the independent and superseding cause of plaintiff's damages, the discharged attorney cannot be found to have committed legal malpractice. Defendants posit the circuit court erroneously dismissed plaintiff's case against CTA and speculate that, if plaintiff's appeal had been pursued, the appellate court would have ruled in her favor, applying the holdings of *Fields* and *Puszkarska*.[6]

Plaintiff replies that Cummings could not have rectified defendants' negligence since the six-month notice period had lapsed.[7] Although plaintiff filed her complaint against CTA on April 20, 2000, she inconsistently maintains her case was no longer viable (or destined for failure), at the time of defendants' discharge on January 13, 2000.

■ The standard of review of a motion to dismiss under section 2—619 is *de novo. Pochopien v. Marshall, O'Toole, Gerstein, Murray & Borun*, 315 Ill. App. 3d 329, 335, 733 N.E.2d 401 (2000). A section

---

[6]*Fields* and *Puszkarska* were published on February 20, 2001, and May 1, 2002, respectively, only months before plaintiff's appeal was ultimately dismissed for want of prosecution on June 19, 2001.

[7]The six-month notice requirement expired on September 29, 1999.

2—619 motion admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matters which appear on the face of the complaint or are established by external submissions which act to defeat plaintiff's claim. *Spirit of Excellence, Ltd. v. Intercargo Insurance Co.*, 334 Ill. App. 3d 136, 145, 777 N.E.2d 660 (West 2002); 735 ILCS 5/2—619 (West 2002). All properly pleaded facts are accepted as true; a reviewing court is concerned only with the question of law presented by the pleadings. *Thornton v. Shah*, 333 Ill. App. 3d 1011, 1019, 777 N.E.2d 396 (2002). If a cause of action is dismissed pursuant to section 2—619, the question on appeal is whether a genuine issue of material fact exists and whether defendant is entitled to a judgment as a matter of law. *Pochopien*, 315 Ill. App. 3d at 335.

■ To prevail in an action for legal malpractice, plaintiff must plead and prove the following elements: (1) an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that "but for" the attorney's malpractice, plaintiff would have prevailed in the underlying action; and (4) actual damages. *Mitchell*, 332 Ill. App. 3d at 620. The basis of such a claim is that plaintiff would have been compensated for an injury caused by a third party, absent negligence on the part of plaintiff's attorney. *Eastman v. Messner*, 188 Ill. 2d 404, 411, 721 N.E.2d 1154 (1999). Where an attorney's negligence is alleged to have occurred during the representation of a client in the underlying action, which never reached trial because of that negligence, plaintiff is required to prove counsel's negligence resulted in the loss of the underlying action. *Sheppard v. Krol*, 218 Ill. App. 3d 254, 257, 578 N.E.2d 212 (1991). In other words, plaintiff must prove a "case within a case." *Warren v. Williams*, 313 Ill. App. 3d 450, 455, 730 N.E.2d 512 (2000). If the underlying cause remained actionable upon the discharge of the former attorney, plaintiff can prove no set of facts which connect defendant's conduct with any damage plaintiff sustained. *Mitchell*, 332 Ill. App. 3d at 620; *Land*, 133 Ill. App. 3d at 540.

■ Pursuant to amended section 41, potential claimants may submit an initial written communication directly to CTA, and upon receipt of any such communication that can be "reasonably interpreted as notification," CTA must furnish that person with a copy of section 41. *Fields*, 319 Ill. App. 3d at 689; 70 ILCS 3605/41 (West 1998). CTA's failure to comply with its distribution obligation constitutes a waiver of plaintiff's duty to comply with the formal notice requirements outlined in the first paragraph of section 41. *Fields*, 319 Ill. App. 3d at 689. Therefore, section 41's formal notice requirements must be

adhered to strictly only when CTA has provided a copy of section 41 to plaintiff.[8]

Here, in the underlying action, all aspects of defendants' initial Notice were flawless, except for the incorrect date of the accident, which was wrong by one day. Although *Fields* held a written communication containing the correct date and time "can be reasonably interpreted as notification," it did not hold initial notice lacking the correct date to be insufficient *per se*. Indeed, the legislature's chosen language in amended section 41 indicates a contrary application. Unlike the language in the first paragraph of section 41, the added paragraph requires only an initial written notification that an injury or cause of action may exist. It is silent as to the form of that notice, but postulates that such initial notice shall be "liberally construed" in favor of the claimant. The intent behind the amendment was, in part, to mitigate the onerous burden of section 41's formal notice requirement so legitimate claims would not be unjustly dismissed. *Yokely*, 307 Ill. App. 3d at 138-39; 90th Ill. Gen. Assem., Senate Debates, May 21, 1997, at 52. Had the legislature intended strict compliance for initial written communications, it would not have crafted an amendment affording claimants the relaxed notice obligation it has provided. To hold defendants' initial Notice insufficient under section 41 as amended would disregard legislative intent, an endeavor in which reviewing courts must not engage. *Integrated Research Services, Inc. v. Secretary of State*, 328 Ill. App. 3d 67, 71, 765 N.E.2d 130 (2002).

The appellate court acknowledged in *Puszkarska* that section 41 mandates initial communications are to be "liberally construed," and stated that "CTA may not *** pick and chose which written communications trigger its duty." *Puszkarska*, 322 Ill. App. 3d at 79. The court held that regardless of the form of initial written notice conveying the existence of an injury or cause of action, CTA must provide plaintiff with a copy of section 41. *Puszkarska*, 322 Ill. App. 3d at 79.

■ In the case *sub judice*, the circuit court dismissed plaintiff's legal malpractice claim based on finding the Notice, although admittedly defective, could be "reasonably interpreted as notification" so as to trigger CTA's duty to furnish plaintiff with a copy of section 41, which it failed to do. Due to its lapse, CTA should not have been permitted to avail itself of the formal notice requirements as proper grounds for dismissal as a matter of law. *Environmental Control*

---

[8]Formal written notice must provide, *inter alia*, the date and approximate hour of the accident. 70 ILCS 3605/41 (West 1998).

*Systems, Inc. v. Long*, 301 Ill. App. 3d 612, 703 N.E.2d 1001 (1998).[9] Nonetheless, the circuit court in the underlying case granted summary judgment in favor of CTA.

Notwithstanding this fact, insofar as the present case is concerned, at the time of defendants' discharge, plaintiff's personal injury case remained actionable despite the defective initial Notice. Although CTA would not have moved for, and the circuit court not have granted, summary judgment in the absence of the defective Notice, defendants cannot be held accountable for the court's acceptance of a legally unsound basis for granting summary judgment against plaintiff. Where her claim remained actionable after defendants' discharge, and the circuit court's misapplication of the law served as an intervening cause, it cannot be said that plaintiff's damages proximately resulted from defendants' Notice. *Mitchell*, 332 Ill. App. 3d at 620; *Land*, 133 Ill. App. 3d at 540.

Accordingly, for the reasons set forth above, the judgment of the circuit court is affirmed.

Affirmed.

QUINN, P.J., and THEIS, J., concur.

---

[9]In his response to CTA's motion for summary judgment, Cummings made that very argument before the circuit court.