2022 IL App (1st) 210229-U

No. 1-21-0229

Order filed March 21, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| STEVEN J. MANDELL | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 15 L 63083 |
| | ) | |
| MICHAEL A. LEW, and the LAW OFFICES OF | ) | Honorable |
| MICHAEL A. LEW, | ) | Martin S. Agran |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |
| | ) | |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Hyman and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*: Where plaintiff fails to demonstrate that he suffered actual damages due to defendant's alleged negligent representation, summary judgment in favor of defendant is proper.

¶ 2     Plaintiff Steven Mandell (Steven) filed a legal malpractice complaint against his former

attorney, defendant Michael A. Lew and the Law Offices of Michael A. Lew (collectively, "Lew").

Lew represented Steven in his dissolution of marriage proceedings against his former wife, Donna Mandell (Donna). The malpractice complaint alleged that because of Lew's representation, Steven received a disproportionate value of the marital estate, including marital properties. Lew filed a motion for summary judgment arguing that Steven failed to prove that Lew was the proximate cause of any actual damages. The circuit court of Cook County granted Lew's motion, finding that Steven's expert could not opine that it was more likely than not Steven would have been in a better position financially had Lew not engaged in the failings the expert identified. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In February 2011, Donna filed a petition for dissolution of marriage in which she sought, *inter alia*, temporary and permanent maintenance. The marital assets consisted of the marital residence, located in Lemont, Illinois, several other real properties located in Cicero, Berwyn, Lemont, and Lake Geneva, Wisconsin, several cars, and 401(k) and IRA accounts.

¶ 5      On April 18, 2012, the circuit court awarded Donna the Lake Geneva property. The court ordered her to make all necessary efforts to rent out the property and provide Steven half of any net rental profits. Steven claims that Lew did not attempt to collect those rent payments.

¶ 6      On September 16, 2013, the divorce trial commenced. During the trial, both Donna and Steven testified that Donna managed the rental properties the couple owned. Donna testified about the valuation of marital properties by providing the court with a list of values based upon appraisals she had conducted by certified appraisers. The appraisals were not admitted into evidence and Lew did not raise a hearsay objection to Donna's testimony. Steven testified that his opinions as to the

value of marital properties were based upon "market comps" that he obtained through his own research. He claims that Lew failed to obtain appraisals.

¶ 7    At trial, Lew did not raise the issue of rental payments from the Lake Geneva property. However, during closing arguments he requested that the circuit court award Steven half of the rental profits Donna testified she obtained from May 2012 through the end of the divorce trial.

¶ 8    On October 8, 2014, the circuit court entered a dissolution judgment. The court noted that the parties married in 1985, had three grown children, and had no non-marital assets. The court acknowledged that Donna was seeking a disproportionate share of the marital assets in lieu of maintenance so she could continue to earn rental income from them. The court also acknowledged that Steven wanted a 50/50 division and would agree to pay maintenance. The court determined that Donna would be entitled to maintenance but that it was equitable to award her a 60% share of the marital estate in lieu of maintenance. Additionally, the court did not award Steven the requested back rent from the Lake Geneva property.

¶ 9    On October 27, 2014, Lew filed a motion to withdraw. New counsel for Steven filed a motion for substitution of attorneys, and the circuit court entered an order substituting new counsel and allowing Lew to withdraw.

¶ 10    In December 2014, Steven filed a motion to reconsider the circuit court's dissolution judgment. Steven argued the court (1) failed to consider the tax consequences of the division of property, (2) erred in accepting Donna's testimony of the value of the properties, #3) did not account for the rents Donna received from the Lake Geneva property, and (4) erred in awarding attorneys' fees from his retirement account.

¶ 11     On May 1, 2015, the circuit court granted in part and denied in part Steven's motion. The court reiterated its reasons for awarding Donna a disproportionate share of marital property. Regarding valuation, the court noted that Donna, as a lay witness, could provide opinion testimony pursuant to Illinois Rules of Evidence (eff. Jan. 1, 2011). The court also noted that despite Steven's argument that the court failed to use proper evidence to value the properties, he failed to provide such evidence. Regarding the rental payments, the court found Steven "did not present any evidence, or testimony of any kind, with regard to this issue during the course of the three days of trial" and therefore, could not account for any back rent.  However, the court granted the portion of Steven's motion regarding the payment of attorney fees from his retirement account, conceding that retirement accounts are exempt from attorney fee orders.

¶ 12     Steven and successor counsel then appealed the circuit court's valuation and distribution of the marital properties. *Mandell v. Mandell*, 2017 IL App (1st) 151477-U. On appeal, this court affirmed the circuit court's findings, holding that there was no error in the court's valuation of the couple's marital properties and no error in the distribution of those properties. This court also rejected Steven's argument that the circuit court did not consider Donna's failure to comply with the April 18, 2012 order. First, this court noted that at the hearing on the motion to reconsider Steven's attorney acknowledged that he raised Donna's purported failure for the first time during closing arguments.[1] Further, this court found that Steven failed to "point to any evidence establishing that [Donna] in fact refused to split the rental payments from the Geneva home or that the court ever found petitioner in contempt for failing to comply with the interim order."

---

[1] The record does not contain the transcript from the hearing on Steven's motion to reconsider, but Lew was no longer Steven's attorney at that time. Therefore, it appears that the successor attorney was referring to Lew's action. This court did not distinguish between the two attorneys in the original appeal of the divorce matter.

¶ 13    On November 24, 2015, Steven filed the legal malpractice claim against Lew, alleging Lew was negligent when he "failed to conduct the necessary discovery to determine the true values of the marital property of the parties," "failed to conduct the necessary discovery to determine the true income of Donna Mandell," "failed to retain the necessary employment experts to show employability and ability of Donna Mandell," "failed to tender the proper evidentiary objections at trial to prevent the constant and continuing hearsay testimony of Donna Mandell," and "refused to retain a forensic accountant to audit all of the rent rolls and P&I statements regarding much of the real property." Steven alleged that these failures resulted in him receiving a less-than-equitable share of the marital estate.

¶ 14    On February 14, 2019, pursuant to Rule 213(f)(3). See Ill. S. Ct. R. 213(f)(3) (eff. Jan. 1, 2007), Steven disclosed attorney Lawrence Starkopf as his controlled expert witness in the legal malpractice case. During his deposition, Starkopf identified multiple alleged failures in Lew's representation. Specifically, Starkopf opined that Lew failed to properly prepare pretrial discovery, failed to secure the appropriate valuation testimony regarding Steven's investment property, failed to adequately depose Donna, failed to object to hearsay testimony regarding property valuation, and failed to object to attorney's fees being paid from a retirement account.

¶ 15    However, Starkopf also testified that he was not providing an opinion as to whether Lew's alleged negligence proximately caused Steven to receive a less-than-favorable result:

> "Q: That's what I was getting at. Are you testifying more probably true than not the result would have been more favorable to Mr. Mandell if Mr. Lew had done the things or not done the things you suggested?

A: Okay. So, we're back into divorce. I'm not saying anything about favorable. I'm not getting into that. What I'm saying is, is that if he had properly prepared and produced the evidence, then the Court very well could have accepted his arguments as opposed to accepting his wife's arguments.

Q: And I get that. But I want to confirm that you're not opining that more likely than not had Mr. Lew not engaged in the failings that you identify, Mr. Mandell would have been in a better position financially at the end of the distribution by the Court.

A: Oh, I can't opine on that."

¶ 16 On February 6, 2020, Lew filed a motion for summary judgment, arguing that Steven could not establish the element of proximate cause, as matter of law, because Steven cannot establish the elements of proximate or damages.

¶ 17 On August 28, 2020, the circuit court entered summary judgment in favor of Lew. The court determined that Lew requested the rental payments in his written closing argument but the divorce court's decision to not award rent was an exercise in its discretion, not a failing by Lew. The court also found the divorce court properly exercised its discretion in dividing the marital properties, any damages related to the valuation of the properties would be speculative, there were no damages as to attorney's fees coming out of the retirement account because both parties split the attorney's fees. The court then noted that because Starkopf "could not opine" that Steven would have been in a better financial position had Lew not engaged in the alleged failings, there was no competent evidence of a monetary loss.

¶ 18    On September 25, 2020, the court denied Steven's motion to reconsider. This timely appeal followed.

¶ 19                                          II. ANALYSIS

¶ 20    On appeal, Steven argues (1) he sufficiently pled the issues of proximate cause and damages, and (2) there were questions of material fact that precluded summary judgment. Specifically, Steven argues that Lew committed legal malpractice by failing to raise the issue of rental payments until closing arguments and not objecting to Donna's testimony regarding her valuation of the marital properties. Further, he contends that the issues of proximate causation and damages should be determined by a trier of fact.

¶ 21    "The purpose of summary judgment is not to try a question of fact, but to determine whether a genuine issue of material fact exists." *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd*., 216 Ill. 2d 294, 305 (2005). Summary judgment is appropriate where the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id*. In reviewing a grant of summary judgment, the appellate court will construe the record strictly against the movant and liberally in favor of the nonmoving party. *Forsythe v. Clark USA, Inc*., 224 Ill. 2d 274, 280 (2007). Summary judgment is a drastic means of disposing of litigation and a court must exercise extraordinary diligence in reviewing the record so as not to preempt a party's right to fully present the factual basis for its claim. *Northern Illinois Emergency Physicians*, 216 Ill. 2d at 305 - 306. Therefore, summary judgment should not be allowed unless the moving party's right to judgment is clear and free from doubt. *Forsythe*, 224 Ill. 2d at 280.  Summary judgment should

be denied where the undisputed facts could lead reasonable observers to divergent inferences, or if there is a dispute as to a material fact. *Id.* We review a grant of summary judgment *de novo. Id.*

¶ 22    To prevail in an action for legal malpractice, plaintiff must prove the following elements: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney, (2) a negligent act or omission constituting a breach of that duty, (3) a proximate causal relationship between the breach of duty and damages sustained, and (4) actual damages. *Cedeno v. Gumbiner*, 347 Ill. App. 3d 169, 174 (2004); *Fox v. Berks*, 334 Ill. App. 3d 815, 817 (2002). In this case, there is no question as to the existence of an attorney-client relationship between Lew and Steven, and thus a duty on the part of Lew.

¶ 23    "To prevail in a negligence claim, plaintiff must not only show that defendant committed a breach of duty and that plaintiff suffered damages, but also that defendant's action proximately caused those damages." *Mauer v. Rubin*, 401 Ill. App. 3d 630, 646 (2010). By its nature, a legal malpractice suit is dependent upon a predicate lawsuit. *Nelson v. Quarles and Brady, LLP*, 2013 (1st) 123122, ¶ 28. Thus, a legal malpractice claim requires a plaintiff to prove a "case within a case," that is, the plaintiff bears the burden of demonstrating that he would have been successful in the underlying suit were it not for defendant's negligence. *Mauer*, 401 Ill.App.3d at 646-47. "A causal link between the alleged negligence and the loss of the underlying suit will not be presumed." *Id*. at 647. A plaintiff fails to plead a cause of action where he fails to allege facts that would establish success in the underlying suit. *Id.*

¶ 24    In a legal malpractice action, a plaintiff's injury is not a personal injury, nor is it the attorney's negligent act itself. *Northern Illinois Emergency Physicians*, 216 Ill.2d at 306. Instead, it is a pecuniary injury to an intangible property interest caused by the attorney's negligent act or

omission. *Id.* A plaintiff is not considered to be injured "unless and until he has suffered a loss for which he may seek monetary damages." *Id.* Therefore, the existence of actual damages is essential to a viable cause of action for legal malpractice. *Weisman v. Schiller, Ducanto and Fleck, Ltd.*, 368 Ill. App. 3d 41, 58 (2006). Actual damages are never presumed in a legal malpractice action. *Northern Illinois Emergency Physicians*, 216 Ill. 2d at 307. Rather, such damages must be affirmatively established by the plaintiff. *Id.* "Unless the client can demonstrate that he has sustained a monetary loss as the result of some negligent act on the lawyer's part, his cause of action cannot succeed." *Id.*

¶ 25    The "case within a case" on which Steven's malpractice claim is predicated was Steven's marital dissolution case involving Donna. To prove his legal malpractice claim, Steven must establish that but for Lew's negligence, he would have received a larger share of the marital estate.

¶ 26    Steven's first allegation of negligence was Lew's failure to raise the issue of rental payments until closing arguments. Steven claims that Donna did not provide him with any of the court ordered payments from April 2012 through the dissolution of their marriage in October 2014. Further, the circuit court did not award Steven rental payments in its dissolution judgment, citing a lack of evidence and testimony on the issue. Therefore, Steven contends that Lew's negligence was the proximate cause of him receiving $30,000 less than his rightful share of the marital assets.

¶ 27    If Donna failed to split the rental payments, then Lew's failure to raise the issue at trial could be negligent and the resulting damages may be established, but Steven did not present any evidence that Donna failed to split the rental payments. Instead, he simply alleges that she failed to comply with the court order. Steven argues that his expert witness, Starkopf, calculated the

rental payment amount to be approximately $30,000, but this is a clear misrepresentation of Starkopf's testimony. When asked about the payments, Starkopf testified:

> "And, therefore, [Steven] calculated -- I think he calculated. I don't know if it's true or not. But he calculated the amount being $30,000 and that there should have been a Petition for Indirect Civil Contempt filed so as to be able to collect money that he was owed."

Starkopf was not testifying as to whether the rent payments had been split. In fact, he acknowledged that he was uncertain whether the amount Steven calculated was even accurate. He was simply providing his opinion that, if Donna failed to pay, then Lew would be negligent in not attempting to obtain the payments. The problem is with his initial assumption. Essentially, Steven's evidence regarding the rental payments is the following: He alleges an amount owed, Starkopf provides an opinion without confirming the accuracy of that amount, Steven then attempts to establish the existence and accuracy of that amount based on Starkopf's general opinion of his allegation. This is circular reasoning, not actual evidence. Because Steven has failed to show that any rental payments were owed, he cannot establish a monetary loss, and thus there is no evidence of a monetary loss that can be attributed to Lew's alleged negligence. Hence, we find that his legal malpractice claim cannot succeed on this ground.

¶ 28    Steven's second allegation of negligence was Lew's failure to object to Donna's testimony regarding her valuation of the marital properties, and his failure to obtain appraisals on Steven's behalf. At the divorce trial, Donna used appraisal reports to support her valuations, but these reports were not admitted into evidence. Starkopf opined that because she was not an expert, she should not have been allowed to testify based on the reports. Steven contends that Lew was negligent for failing to cross-examine Donna to show she was incompetent to testify to the reports.

Further, he argues that Lew should have filed a motion *in limine* to prevent Donna from testifying based on the reports and that his failure to do so caused Steven to receive a disproportionate share of the marital assets.

¶ 29    One problem with Steven's argument is that it only views Donna as a lay person. She was also the owner of the marital properties. As such, she would have been able to testify as to her opinion of the properties' value. A property owner is generally competent to testify to the value of the property she owns, absent an affirmative showing of special circumstances. *In re Marriage of Vucic*, 216 Ill. App. 3d 692, 703 (1991).  Steven does not dispute that Donna was able to testify to the valuation of the properties as an owner. As for Lew's failure to obtain appraisals, Steven presents no evidence that any such appraisals would have been more favorable to him than the ones obtained by Donna from certified appraisers. Starkopf testified that he did not know whether Donna's appraisals were inaccurate and had no reason to believe that they were.

¶ 30    However, assuming that Lew was indeed negligent for failing to cross-examine Donna on her appraisals and failing to obtain additional appraisals, the fatal flaw in Steven's argument comes from his own expert witness. After opining on multiple instances of Lew's alleged negligence, Starkopf was questioned directly on the issue of damages:

> "Q: That's what I was getting at. Are you testifying more probably true than not the result would have been more favorable to Mr. Mandell if Mr. Lew had done the things or not done the things you suggested?
>
> A: Okay. So, we're back into divorce. I'm not saying anything about favorable. I'm not getting into that. What I'm saying is, is that if he had properly prepared and

produced the evidence, then the Court very well could have accepted his arguments as opposed to accepting his wife's arguments.

Q: And I get that. But I want to confirm that you're not opining that more likely than not had Mr. Lew not engaged in the failings that you identify, Mr. Mandell would have been in a better position financially at the end of the distribution by the Court.

A: Oh, I can't opine on that."

¶ 31    Steven's entire argument is premised on him receiving a smaller share of the marital estate because of Lew's negligence, but when asked to confirm this argument, Starkopf could not. Thus, even if this court accepts these allegations of Lew's negligence, Steven nonetheless fails to establish damages. Additionally, damages concerning the rental payments would be too speculative.

¶ 32    "Damages are considered to be speculative, however, only if their existence itself is uncertain, not if the amount is uncertain or yet to be fully determined. [Citation.]" *Northern Illinois Emergency Physicians*, 216 Ill. 2d at 306 - 07. Steven argues that his damages were not speculative because the amount of rental income that he should have received, and the valuation of the properties could be determined. Steven is correct that the amount of rental income owed could be determined. However, as stated above, there is no evidence that any such income is owed. As such, this court would have to speculate whether these damages exist. Regarding the property valuation, there is no evidence that the valuations used by the circuit court were incorrect. Steven argues that a different appraisal could have shown different property values and, if so, he may have suffered a monetary loss. We find that Steven has presented no evidence to support this belief. To find damages, this court would have to assume that either the properties he received in the divorce had

a lower value than the court ascribed or that the properties Donna received had a higher value. This would be overwhelmingly speculative.

¶ 33    Actual damages are never presumed in a legal malpractice action. *Id.* at 307. Rather, such damages must be affirmatively established by the plaintiff. *Id*. In this case, not only has Steven failed to establish actual damages, but also his own expert witness could not opine that he would have been in a better position financially had Lew not engaged in the alleged negligent acts. Thus, Steven has failed to present sufficient evidence that he suffered a monetary loss due to Lew's negligence.  "Unless the client can demonstrate that he has sustained a monetary loss as the result of some negligent act on the lawyer's part, his cause of action cannot succeed." *Id*. Therefore, we hold that summary judgment in favor of Lew was proper.

¶ 34                                    III. CONCLUSION

¶ 35    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 36    Affirmed.